CANBY, Circuit Judge:
 

 The United States appeals the district court’s grant of summary judgment in favor of the County of San Diego. We review
 
 de novo
 
 the district court’s grant of summary judgment.
 
 Atwood v. Newmont Gold Co.,
 
 45 F.3d 1317, 1320 (9th Cir.1995). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 

 I
 

 BACKGROUND
 

 General Atomics, a private scientific research firm, conducts nuclear fusion research for the United States Department of Energy as part of a national program. The research is performed using a large nuclear device
 
 [1]
 
 that is housed on General Atomics’ property. Athough General Atomics maintains,'operates, and helps with the design of the nuclear device, the device is the personal property of the Department of Energy. The Department of Energy also retains control over access to the nuclear device and the right to terminate General Atomics’ contract. In exchange for its services, the government pays General Atomics a sizeable fee. General Atomics also provides, for a fee, information and services to the fusion research technology market.
 

 After a routine audit conducted for the 1978 and 1979 tax years, the County determined that General Atomics has a possessory interest in the nuclear device subject to California’s
 
 ad valorem
 
 tax.
 
 See
 
 Cal.Rev. & Tax. Code §§ 104, 105, 107 (West 1987). Pursuant to its agreement with General Atomics to pay all state and local taxes, the United States paid the
 
 ad valorem
 
 tax for tax years 1978-81 and 1987-88. No tax was assessed in 1986, and no taxes have been paid for any other years. General Atomies has not filed timely refund claims for the years for which it paid taxes.
 

 In 1989, the United States filed a suit challenging the constitutionality of the
 
 ad valorem
 
 tax, the designation of the device as a “fixture,” and the valuation method used to compute the tax. The district court granted partial summary judgment in favor of the County, holding that the device is a “fixture” and that the tax is constitutional. We considered in an interlocutory appeal the constitutionality of the tax and whether General Atomics has a possessory, interest in the device.
 
 See United States v. County of San Diego,
 
 965 F.2d 691 (9th Cir.1992) [hereinafter
 
 San Diego
 
 /]. We held that the tax is constitutional and that General Atomics “has an independent possessory interest in [the nuclear device] subject to California’s
 
 ad va-lorem
 
 tax.”
 
 Id.
 
 at 693.
 

 After remand, the United States sought leave to amend its complaint by adding an equal protection challenge to the tax.- The district court denied the motion. The County then, moved for summary judgment on the remaining ■ issues, which the district court granted. The district court held that no federal constitutional issues remained and that the United States cannot challenge the disputed taxes on state law grounds because General Atomies has failed to satisfy the necessary conditions precedent.
 

 The United States now appeals from the district court’s grant of summary judgment in favor of the County. The United States contends: that this court should reexamine its earlier conclusion that General Atomics has a taxable possessory interest in the device, that the district court erred in holding that the nuclear device is a “fixture,” that the district court erred by denying its motion for a leave to amend, and that the district court erred in concluding that the United States cannot now challenge the taxes already imposed on state law grounds.
 

 II
 

 ANALYSIS
 

 A. Law of the Case
 

 In
 
 San Diego I,
 
 965 F.2d at 697-99, we held that under California law General
 
 *968
 
 Atomies has a “taxable possessory interest” in the nuclear device owned by the United States. We are precluded from revisiting this decision by the law of the case doctrine.
 
 See United States v. Caterino,
 
 29 F.3d 1390, 1395 (9th Cir.1994). The United States’ argument that controlling authority has since made our earlier decision inapplicable is without merit. In
 
 San Diego I
 
 we held that General Atomics has a taxable possessory interest primarily because of its
 
 exclusive
 
 and
 
 independent
 
 use of the nuclear device.
 
 [2]
 

 San Diego I,
 
 965 F.2d at 697-99. No cases cited by the United States call into question this analysis.
 
 [3]
 

 B. Is the Nuclear Device a Fixture?
 

 The United States argues that the district court erred in concluding that the device is a fixture because: the district court erroneously stated that the fixture was bolted down, the device is not one integral device but thousands of replaceable parts, and the parties did not intend the device to be a fixture. Under California law, a device is a fixture if a “reasonable person would consider the item to be a permanent part of the property, taking into account annexation, adaptation, and other objective manifestations of permanence.”
 
 Crocker Nat’l Bank v. City & County of San Francisco,
 
 49 Cal.3d 881, 887-88, 264 Cal.Rptr. 139, 142, 782 P.2d 278, 281 (1989). Whether something is a fixture is predominantly a legal question.
 
 Id.
 
 The criteria relevant to whether the nuclear device is a fixture are: “(1) the manner of its annexation to the realty; (2) its adaptability to th,e use and purpose for which the realty is used; and (3) the intention with which the annexation is made.”
 
 Id.
 
 at 887, 264 Cal. Rptr. at 142, 782 P.2d at 281.
 

 The nuclear device weighs between 400 and 500 tons. A device can be, and in this case clearly is, annexed to the property through gravity.
 
 See Seatrain Terminals of California, Inc. v. County of Alameda,
 
 83 Cal.App.3d 69, 75, 147 Cal.Rptr. 578, 582 (1978) (“[T]he mere retention in place by gravity is sufficient to give [certain kinds of heavy machinery] the character of permanency and therefore affixation to realty”).
 

 The real estate has also been modified to accommodate the device. Tunnels have been dug and a reinforced concrete flooring has been installed. Thus the property has been adapted for the device.
 
 See Crocker Nat’l Bank,
 
 49 Cal.3d at 887, 264 Cal.Rptr. at 142, 782 P.2d at 281. General Atomics property is also peculiarly valuable as a nuclear fusion research facility only because of the nuclear device.
 
 See Seatrain,
 
 83 Cal.App.3d at 76, 147 Cal.Rptr at 582 (important question to adaptive criterion “is whether the real property is peculiarly valuable because of the continued presence of the annexed property thereon”). In light of applicable criteria, the nuclear device clearly is a fixture.
 

 We find no merit in the contention of the United States that it has raised genuine issues of material fact that preclude summary judgment on whether the device is a fixture. The district court’s erroneous statement that the nuclear device was bolted down is of no consequence. The device is annexed to the property by gravity. Although the United States correctly points out that parts of the nuclear device can be removed, this fact is also irrelevant. Most fixtures, presumably like the cranes in
 
 Sea-train,
 
 consist of removable and replaceable parts.
 
 [4]
 

 See Seatrain,
 
 83 Cal.App.3d at 75-76, 147 Cal.Rptr. at 582. Finally, although
 
 *969
 
 “the intention with which the annexation is made” is relevant to whether the devices are fixtures, “intention” is “determined by the physical facts or reasonably manifested outward appearances.... ”
 
 See Crocker Nat’l Bank,
 
 49 Cal.3d at 887, 264 Cal.Rptr. at 142, 782 P.2d at 281 (citation omitted). Thus the fact that the parties themselves may have intended the device to remain the personal property of the United States, as evidenced by their contract, is irrelevant.
 
 [5]
 

 C. Leave to Ajmend
 

 The United States sought to amend its complaint by adding a count stating that imposing the tax “solely on the basis that General Atomics acquires experience and receives a fee by virtue of performing contractual services for the United States ... unconstitutionally discriminates against the United States and ... General Atomics-” The district court did not abuse its discretion in denying the leave to amend.
 
 [6]
 
 There is no merit to the United States’ contention that General Atomics, unlike similarly situated contractors, is being taxed solely on the basis of the fee and experience that it acquires. In
 
 San Diego I,
 
 we explicitly held that the County is taxing General Atomics on its pos-sessory interest, which it has because of its “exclusive,” “independent,” and “durable” interest in the nuclear device.
 
 See San Diego I,
 
 965 F.2d at 697-98. It is true that in order to tax General Atomics on this posses-sory interest, this interest must privately benefit General Atomics.
 
 See id.
 
 at 698. But even though the possessory interest is valuable because of the fee and experience General Atomics reaps, the tax is based on the possessory interest itself, as it is in the case of others similarly situated. There is no discrimination. The district court did not abuse its discretion in denying the leave to amend because the amendment would have been futile.
 
 See Sorosky v. Burroughs,
 
 826 F.2d 794, 804-05 (9th Cir.1987).
 

 D. The Method of Valuation
 

 The district court correctly rejected the United States constitutional challenge to the method of valuation. The United States insists that the tax assessments are based upon property values wholly owned by the United States and thus amount to an unconstitutional taxation on federal property. It is mistaken. We have already held that the County is taxing General Atomics on
 
 its
 
 pos-sessory interest in the property.
 
 San Diego I,
 
 965 F.2d 691. It is not unconstitutional for the County to calculate the value of General Atomies’ possessory interest by turning to the value of the nuclear device.
 
 United States v. City of Detroit,
 
 355 U.S. 466, 470, 78 5.Ct. 474, 476, 2 L.Ed.2d 424 (1958) (“In measuring [a beneficial use] tax [as opposed to a tax on the property itself] it seems neither irregular nor extravagant to resort to the value of the property used”).
 

 Finally, the district court correctly concluded that the United States could not now challenge the method of valuation on state law grounds. In order to do so,' the government must proceed on a subrogation theory.
 
 See United States v. California,
 
 — U.S.-,-, 113 S.Ct. 1784, 1790-91, 123 L.Ed.2d 528 (1993). General Atomies has not filed timely refund claims for the years for which it paid taxes, and it'has not paid at all for some other years. It thus has not complied with the state law requirements for challenging the method of valuation.
 
 See
 
 Cal.Rev. & Tax. Code § 5142 (West 1987).
 
 [7]
 
 
 *970
 
 The United States as subrogee is subject to these preexisting infirmities in General Atomics’ claims, and thus cannot now challenge the method of valuation on state law grounds.
 
 See United States v. State of California,
 
 932 F.2d 1346, 1350-51 (9th Cir.1991),
 
 aff'd,
 
 — U.S. -, 113 S.Ct. 1784, 123 L.Ed.2d 528 (1993);
 
 United States v. California,
 
 — U.S. at-, 113 S.Ct. at 1790-91.
 
 [8]
 

 Ill
 

 CONCLUSION
 

 The County of San Diego is properly taxing, both as a matter of constitutional law and California law, General Atomics on its possessory interest in the nuclear device it operates for the Department of Energy.
 

 The district court’s grant of summary judgment is AFFIRMED.
 

 AFFIRMED.
 

 [1]
 

 . In fact, two nuclear devices are the subject of this appeal. One of the devices, the "D-III” was in use from 1978 until 1984 when it was disman-tied. The other device, the "D-IIID” was then built and has been in use since 1986. Because there are no relevant differences between these nuclear devices for purposes of this appeal, we will simply refer to them as the "nuclear device” or "device.”
 

 [2]
 

 . Under California law, four factors are relevant to whether a taxable possessory interest exists: exclusivity, independence, durability, and private benefit.
 
 See San Diego I,
 
 965 F.2d at 697. In the earlier appeal, "[t]he government challenge[d] the district court's ruling on three of these factors: exclusivity, independence, and private benefit.”
 
 Id.
 

 [3]
 

 . We recognize that our earlier decision may have misparaphrased California law in stating that a license or permit is a taxable possessory interest in property.
 
 San Diego I,
 
 965 F.2d at 694.
 
 See County of Los Angeles v. Assessment Appeals Bd.,
 
 13 Cal.App. 4th 102, 112, 16 Cal. Rptr.2d 479, 485 (1993);
 
 Service America Corp. v. County of San Diego,
 
 15 Cal.App. 4th 1232, 1238, 19 Cal.Rptr.2d 165, 169 (1993). This part of our discussion, however, dealt only with the constitutionality of the tax.
 
 See San Diego I,
 
 965 F.2d at 694. Moreover, we did not rely on a theory of mere license in concluding that the tax is constitutional.
 

 [4]
 

 .The United States' characterization of the nuclear device as not one unit, but “thousands of individual components” none of which are "fixtures" is a distinction that does not make a
 
 *969
 
 difference. Most fixtures that are affixed to real estate through gravity are made up of replaceable parts. The relevant issue is whether the nuclear device
 
 qua
 
 nuclear device is a fixture.
 

 [5]
 

 .The California State Board of Equalization's conclusion that the device was not a fixture for sales tax purposes is also irrelevant. Whether the device is a fixture for purposes of the posses-soiy interest tax is independently reviewed. While the Board's reasoning itself might be persuasive in some cases, it is not here. Simply because the Board reached a conclusion different from the'district court does not show that there exist any genuine issues of material fact relevant to whether the device is a fixture.
 

 [6]
 

 . We review for an abuse of discretion the district court's denial of the motion for leave to amend the complaint.
 
 National Abortions Fed’n v. Operation Rescue,
 
 8 F.3d 680, 681 (9th Cir. 1993).
 

 [7]
 

 . The United States mistakenly asserts that the district court decided that it lacked standing to pursue the claim. The United States has standing to challenge the method of valuation as General Atomics' subrogee.
 

 [8]
 

 . Although the United States may be correct that the statute of limitations has not run on most of its claims, this fact does not permit the government to circumvent the state law requirements for challenging the method of valuation as a subrogee.