87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick McMILLAN, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF the INTERIOR; Bruce Babbitt;
Bureau of Land Management; Las Vegas Metropolitan
Police Department, Defendants-Appellees.
 No. 95-17357.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick McMillan appeals pro se the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 action against the Bureau of Land Management (BLM) and members of the Las Vegas Metropolitan Police Department (METRO). He contends that the district court erred by: 1) dismissing his action without giving him an opportunity to amend his complaint; 2) dismissing his action before he had completed discovery; and 3) dismissing his action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We review de novo the district court's dismissal of a pro se complaint. See McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992). The district court's denial of a motion to amend a complaint is reviewed for an abuse of discretion. United States v. County of San Diego, 53 F.3d 965, 969 n. 6 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 FEDERAL DEFENDANTS
 
 3
 McMillan's claims against the federal government can be grouped into two categories: statutory claims and constitutional claims. McMillan contends that officials of the BLM and METRO conspired to violate his constitutional rights and to deprive him of his mining claims. Further, he contends that the federal government does not own the land on which he mines and therefore has no right to deprive him of his interest in the land. These contentions are without merit.
 
 
 4
 The district court dismissed McMillan's statutory claims against the federal government for lack of subject matter jurisdiction, and dismissed his constitutional claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Under the principle of sovereign immunity, the United States may only be sued where it has expressly consented to such suit by statute. Block v. North Dakota, 461 U.S. 273, 287 (1983). A suit against a federal agency which seeks relief against the sovereign is, in effect, a suit against the sovereign. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949). Accordingly, the law of sovereign immunity applies to agencies of the United States. Id.
 
 
 5
 Here, McMillan has failed to establish that the United States has expressly waived its sovereign immunity by any of the statutes under which he seeks to bring suit.[1] Accordingly, the district court properly dismissed his statutory claims for lack of subject matter jurisdiction. See id.
 
 
 6
 The district court acknowledged that a plaintiff could assert a claim of violation of constitutional rights against a federal employee in his individual capacity under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court found, however, that McMillan had not alleged a deprivation of constitutional rights by an individual federal employee, and therefore could not state a Bivens action. Based on our de novo review of the record, we conclude that the district court's dismissal of McMillan's complaint without leave to amend was proper because McMillan could prove no set of facts to support his claims that these defendants violated his constitutional rights.[2] See McGuckin, 974 F.2d at 1057 n. 6.
 
 METRO DEFENDANTS
 
 7
 McMillan also contends that members of the Las Vegas Metropolitan Police Department (METRO) conspired with the BLM to violate his constitutional rights and to deprive him of his mining claims. The district court dismissed McMillan's claims against METRO for failure to state a claim under Rule 12(b)(6). The district court found that McMillan had failed to allege sufficient facts to state a claim of municipal liability under § 1983.
 
 
 8
 In order to state a claim against a municipality under § 1983, a plaintiff must demonstrate a direct causal link between a municipal policy or custom and the alleged constitutional violation. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). The policy or custom must be a deliberate or conscious choice by a municipality's final policy-making official, see Penbaur v. City of Cincinnati, 475 U.S. 469, 483 (1986), and cannot be imposed via respondeat superior. See Harris, 489 U.S. at 385. McMillan does not allege a specific policy or plan by METRO to support the allegations in his complaint. Our review of the record reveals that McMillan could prove no set of facts to support his claim of municipal liability. See id.; see also McGuckin, 974 F.2d 1050 at n. 6. Accordingly, the district court properly dismissed these claims. See id.
 
 DOE DEFENDANTS
 
 9
 McMillan also names one hundred "doe defendants" in his complaint. As a general rule, the use of "doe" pleading to identify unknown defendants is disfavored. See Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir.1980). Unknown defendants may, however, be included in a complaint when the identities of the alleged defendants is not known prior to the filing of the complaint, but may be identified through discovery. Id. If the complaint may be dismissed on other grounds or it is clear that discovery would not uncover the identities, however, "doe pleading" is precluded. See id. (citations omitted). Because the district court properly dismissed McMillan's complaint on other grounds, the court did not err by denying leave to discover the identities of the unknown defendants. See id.
 
 
 10
 Appellee METRO's motion for attorney fees is denied. Each party shall bear its own costs on appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McMillan asserts jurisdiction under 28 U.S.C. §§ 1331 and 2410, 15 U.S.C. § 1-2 and 14-16, and 18 U.S.C. § 1961 (RICO). None of these statutes expressly waives the federal government's sovereign immunity. McMillan also seeks relief under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 1346 et seq., which provides a limited waiver of the federal government's sovereign immunity. However, he has failed to exhaust administrative remedies required under the FTCA. Therefore, his claims under the FTCA must also fail
 
 
 [2]
 Following the defendants' motion to dismiss his complaint, McMillan filed a motion for leave to amend the complaint under Fed.R.Civ.P. 15(a) and submitted a proposed amended complaint. The district court denied the motion in the order dismissing the complaint