87 F.3d 1325
 40 Cont.Cas.Fed. (CCH) P 76,947
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, ex rel Said MOBIN, Relator,
Plaintiff-Appellant,
v.
DESERT CONSTRUCTION; Curtis Harmon; Rod Briggs,
Defendants-Appellees.
 No. 95-16611
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Said Mobin appeals pro se from the magistrate judge's order dismissing his qui tam action with prejudice pursuant to Fed.R.Civ.P. 41(b). Mobin contends the magistrate judge erred by (1) denying his motion to amend the complaint; (2) denying review of his termination from federal employment; (3) denying his motion to appoint counsel; (4) requiring Mobin to post a bond prior to digging on government property; (5) permitting his attorney to withdraw; (6) sanctioning Mobin for filing frivolous motions; (7) denying his motion for discovery from the United States Air Force (8) dismissing his case for failure to submit a joint pretrial order; (9) striking the jury demand; (10) dismissing the action without government approval; and (11) not recusing itself for bias. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 Background
 
 3
 On May 10, 1990, Mobin initiated pro se this qui tam action under the False Claims Act, 31 U.S.C. § 3729 et seq., alleging that Desert Construction, Inc., and two of its employees, Curtis Harmon, Rodney Briggs ("Desert Construction), conspired with eight individual federal employees (federal defendants) to defraud the United States in the performance of a construction contract at Nellis Air Force Base in Nevada (Nellis). Mobin retained counsel and filed an amended complaint.
 
 
 4
 On February 16, 1993, the district court dismissed the amended complaint with leave to amend. Mobin filed a second amended complaint dropping the federal defendants and proceeding solely against Desert Construction and its employees. The parties consented to having a magistrate judge assigned to hear the case.
 
 
 5
 Desert Construction and Mobin conducted substantial discovery. In early 1994, Mobin sought leave to excavate two high voltage electrical ducts at Nellis to prove that Desert Construction failed to encase them in concrete as required by the contract specifications. On July 19, 1994, a stipulation and order was filed authorizing Mobin to dig the holes at his own expense if he posted a $5,000.00 bond for each hole. On August 12, 1994, the magistrate judge denied Mobin's motion to eliminate the requirement of the $5,000.00 bond.
 
 
 6
 On October 14, 1994, the magistrate judge granted Mobin's attorney's motion to withdraw because of a strained attorney-client relationship. On November 16, 1995, the magistrate judge denied Mobin's motions to reconsider the order allowing counsel to withdraw, to require former counsel to find new counsel, and to compel his former attorney to return funds. Mobin never retained new counsel and proceeded pro se.
 
 
 7
 On March 27, 1995, the magistrate judge denied Mobin's motion to amend the stipulation regarding the excavation at Nellis. The court warned Mobin if he raised the bond issue again he might be sanctioned.
 
 
 8
 On April 4, 1995, Mobin requested leave to file a third amended complaint renewing the conspiracy claims against the federal defendants which had been dropped in March 1993 and adding employment claims.
 
 
 9
 On April 7, 1995, the magistrate judge extended the time to file the joint pretrial order to April 28, 1995. On April 28, 1995, Desert Construction's counsel sent the court a letter requesting direction on the preparation of the joint pretrial order. Counsel submitted an affidavit stating that he spent approximately eight hours attempting to work out the joint pretrial order with Mobin but that Mobin's exhibits were not ready and Mobin insisted on including the claims against the federal defendants.
 
 
 10
 On May 15, 1995, the magistrate judge denied Mobin's motion to file an amended complaint at the "eleventh hour" and concluded that Mobin had waived his right to a jury trial. The court also ordered Mobin to pay defendants $300.00 as attorneys' fees for having to defend against unnecessary motions. The court also ordered a status conference to discuss the preparation of the joint pretrial order.
 
 
 11
 At the status conference on May 23, 1995, the magistrate judge described to Mobin in detail the parties' duties and requirements for preparation of the joint pretrial order. After providing Mobin with a copy of the local rules, the court ordered the parties to submit the joint pretrial statement on June 16, 1995.
 
 
 12
 On June 15, 1996, counsel for Desert Construction submitted a status report to the court stating that Mobin continued to assert that the federal defendants were parties to the action, refused to acknowledge that the demand for a jury trial had been stricken, and had not separated his exhibits from his records. Defense counsel noted that he met with Mobin for approximately seven hours over a number of days making no progress. Desert Construction moved for dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) because of Mobin's continued defiance of court orders.
 
 
 13
 On July 19, 1995, the magistrate judge dismissed the action with prejudice pursuant to Fed.R.Civ.P. 41(b). Mobin timely filed a notice of appeal from the dismissal on August 1, 1995.
 
 Analysis
 
 14
 Mobin contends the magistrate judge erred by denying his motion to amend the complaint to assert claims against the federal defendants. We disagree.
 
 
 15
 Leave to amend is generally within the discretion of the district court. Rhoden v. United States, 55 F.3d 428, 432 n. 9 (9th Cir.1995). The district court's denial of a motion to amend a complaint is reviewed for an abuse of discretion. United States v. County of San Diego, 53 F.3d 965, 969 n. 6 (9th Cir.1995).
 
 
 16
 Here, in March 1993, the district court dismissed Mobin's amended complaint because it failed to state claims against the federal defendants. Mobin, still represented by counsel, then filed the Second Amended Complaint which voluntarily dropped the federal defendants from the action and sought relief only against Desert Construction. In April 1995, after discovery substantially had been completed, Mobin attempted to amend the complaint to reassert claims against the federal defendants. Accordingly, the magistrate judge did not abuse his discretion when it rejected the amendment as untimely. See Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1464 (9th Cir.1993) (holding no abuse of discretion when party waited one and one-half years to amend), cert. denied, 114 S.Ct. 2163 (1994).[1]
 
 
 17
 Mobin contends that the magistrate judge erred by denying his motion to appoint counsel after retained counsel withdrew. We disagree. A motion for appointment of counsel is left to the sound discretion of the trial court. Johnson v. United States Dep't. of Treasury, 27 F.3d 415, 416 (9th Cir.1994). Mobin provides no authority for his contention that he was entitled to appointment of counsel. Accordingly, the magistrate judge did not err by denying the motion to appoint counsel.[2]
 
 
 18
 Mobin contends the magistrate judge erred by requiring Mobin to post a bond prior to digging on government property. We disagree because Mobin stipulated to the bond provision.
 
 
 19
 Because Mobin never moved to compel discovery from the United States Air Force, we reject his contention that the magistrate judge erred by denying his motion for discovery from it.[3]
 
 
 20
 Mobin contends the magistrate judge erred by sanctioning him for filing frivolous motions. We disagree.
 
 
 21
 A court's imposition of sanctions pursuant to its inherent powers is reviewed for an abuse of discretion. Chambers v. Nasco, Inc., 501 U.S. 32, 55 (1991); Air Separation, Inc. v. Lloyd's of London, 45 F.3d 288, 291 (9th Cir.1995). Here, Mobin filed a motion for default against a defendant who had been dismissed from the action and three motions to eliminate the $5,000.00 bond requirement, each requiring a response from Desert Construction. Accordingly, we conclude the magistrate judge did not abuse his discretion when he sanctioned Mobin $300.00 for filing unnecessary motions. See id.
 
 
 22
 Mobin also contends the magistrate judge erred by dismissing his case pursuant to Federal Rule of Civil Procedure 41(b) for failure to submit a joint pretrial order. We disagree.
 
 
 23
 We review for abuse of discretion a district court's dismissal on the grounds that a party failed to comply with a district court order. See Ferdik v. Benzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 24
 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Id. Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 25
 Here, Mobin's case had been pending five years when the magistrate judge dismissed it. Mobin's refusal to abide by the magistrate judge's order that the parties prepare the joint pretrial order prejudiced Desert Construction because it was unable to prepare for trial. Moreover, Desert Construction expended a great sum of money when its attorney spent approximately fifteen hours attempting to draft the joint pretrial order with Mobin while Mobin refused to cooperate.
 
 
 26
 While public policy favors a disposition on the merits, Mobin's conduct throughout the case suggests that a trial on the merits may never have been possible. Finally, less drastic remedies such as sanctions had not worked. Mobin's contempt for the magistrate judge's order of sanctions is apparent in his motion for reconsideration in which he asserted:
 
 
 27
 The Plaintiff believes that he should be allowed under the Freedom of Speech Act to argue what ever he feels like to be correct in the Court without fear of any sanctions as he does not have an attorney. Otherwise the Plaintiff will not be able to speak up no matter whether he thinks is right or wrong in the Court. Court decisions are expected to be from the position of fairness and justice and should not be from the position of authority or dictatorship.
 
 
 28
 Moreover, despite the magistrate judge's order denying him leave to amend the complaint and the magistrate judge's detailed instructions to Mobin regarding the requirements of the joint pretrial order, Mobin persisted asserting in his discussions regarding the joint pretrial order that the trial included his claims against the federal defendants.
 
 
 29
 We conclude the magistrate judge did not abuse his discretion by dismissing the action. See Ferdik, 963 F.2d at 1260.[4]
 
 
 30
 Mobin contends that the magistrate judge erred by dismissing the action without government approval in violation of 31 U.S.C. § 3730(b)(1). We disagree.
 
 
 31
 Although a qui tam action generally may be dismissed only if the court and the Attorney General give written consent to the dismissal, see 31 U.S.C. § 3730(b)(1), the government's consent to a court-ordered dismissal is not required. See United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 722 n. 5 (9th Cir.1994). Accordingly, the magistrate judge did not err by dismissing the case without receiving the government's approval.
 
 
 32
 After examining the record, we also reject Mobin's conclusory allegations of judicial bias. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994).
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mobin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the magistrate judge did not err by denying the motion to amend, we do not address Mobin's argument that the magistrate judge erred by denying review of his claims against the federal employees. We also note that a previous panel of this court already has reviewed and affirmed summary judgment of Mobin's termination claims. See Mobin v. Aldridge, No. 92-16761 (9th Cir. Apr. 11, 1994) unpublished memorandum disposition
 
 
 [2]
 Although an indigent civil litigant may be entitled to appointed counsel if he demonstrates exceptional circumstances, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986), Mobin never requested or received leave to proceed in forma pauperis before the district court or this court
 
 
 [3]
 We note that the record discloses that the magistrate judge did order the Air Force, which is not a party to the action, to provide photographs and reports
 
 
 [4]
 Because we hold that the magistrate judge did not err by dismissing the action, we need not reach Mobin's claim that the magistrate judge erred by striking the jury demand