94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James REED, Jr., Plaintiff-Appellant,
v.
TELEDYNE SYSTEMS COMPANY, INC., Defendant-Appellee.
 No. 94-55949, 94-56325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Decided Aug. 14, 1996.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges; BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Reed challenges the district court's entry of summary judgment for Teledyne Systems Company, Inc. in his discrimination action alleging that he was terminated from his position as a Teledyne program manager because he is black, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Reed also appeals the district court's denial of his motion for reconsideration.
 
 
 4
 * Prior to the pretrial conference, Reed sought leave to amend his complaint to add claims for breach of contract and race discrimination under state law. Although the court permitted Reed to file his motion for leave to amend, it then denied the motion. Reed contends that his motion to amend his complaint should have been granted. A district court's denial of a motion for leave to amend is reviewed for abuse of discretion. United States v. County of San Diego, 53 F.3d 965, 969 n. 6 (9th Cir.1995).
 
 
 5
 Federal Rule of Civil Procedure 15(a) states that "leave [to amend a complaint] shall be freely given when justice so requires." Id. at 178. However, that language has been qualified by decisions of the United States Supreme Court and Ninth Circuit explaining that a district court may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ..." Foman v. Davis, 371 U.S. 178 (1962); McGlinchy v. Shell Chemical Co., 845 F.2d 802 (9th Cir.1988).
 
 
 6
 The Supreme Court has also declared that a district court may properly decline to exercise supplemental jurisdiction over pendant state law claims if they will predominate over the federal claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). A recent Ninth Circuit decision outlining the reasons for which a district court may properly decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), also lists the predominance of the state claims as an appropriate reason. Executive Software North America, Inc. v. U.S. Dist. Court, 24 F.3d 1545 (9th Cir.1994).
 
 
 7
 The district court's denial of Reed's motion to amend his complaint was appropriate for several reasons. First, proving the state claims would require not only the evidence for the Title VII claim, but also substantial additional evidence regarding the nature of Reed's employment contract and the personnel policies and practices of Teledyne. As a result, the state claims would predominate. Therefore, the district court was correct in refusing to permit an amendment.
 
 
 8
 Moreover, Reed failed to provide a satisfactory explanation for waiting until three weeks prior to the third scheduled trial date to seek to amend his complaint. In McGlinchy v. Shell Chemical Co., 845 F.2d 802 (9th Cir.1988), this court concluded that undue delay is a valid reason for a district court to deny a party leave to amend and affirmed the denial of leave to amend where plaintiffs waited until the original trial date had been vacated to attempt to amend their complaint. Id. at 809. If the state claims rise from the same facts as Reed's federal claim, as he insists, then he must have been aware of the pendant claims at the time he filed his federal claims. Accordingly, the court properly denied his belated attempt to amend.
 
 
 9
 McGlinchy also established that leave to amend is properly denied if leave would have unduly prejudiced the defendant. Id. at 809. The court reasoned that new claims would have required additional discovery, research, and rewriting of trial briefs, and that leave to amend, therefore, should be properly denied. Here, Reed moved to amend approximately three weeks before the scheduled trial date, without any explanation as to why the amendment was not offered earlier. In addition, his new claims would have interjected the new issues of emotional distress and punitive damages and the new question of the existence of an implied employment contract. As noted by Teledyne's brief, these issues were not part of the Title VII claim, were not addressed in any trial documents and were not addressed in discovery. Reed's breach of contract claim does not arise out of the same nucleus of facts as the Title VII claim, thus the allowance of such a claim on the eve of trial would have been unduly prejudicial.
 
 
 10
 Finally, the timing of Reed's motion to amend at least suggests undue delay. Not until Teledyne had already completed discovery and a substantial portion of its trial preparation did Reed seek to amend his complaint. Moreover, Reed made no attempt to explain the reasons for his delay. In Schlacter-Jones v. General Telephone, 936 F.2d 435 (9th Cir.1991), the Ninth Circuit held that making a motion to amend, after an opportunity for discovery and the filing of a summary judgment motion, militates heavily against granting leave to amend. Id.
 
 
 11
 In light of the above, the district court's denial of the motion to amend was not an abuse of discretion and is affirmed.
 
 II
 
 12
 A district court's grant of summary judgment is reviewed de novo to determine whether there are any genuine issues of material fact. Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1074 (9th Cir.1986). In reviewing the district court's grant of summary judgment, "the record below is examined to determine whether there is any basis for affirmance. If the result reached by the district court is correct, [this court] will affirm even if the district court relied on an erroneous ground." Wallis v. J.R. Simplot, 26 F.3d 885, 888 (9th Cir.1994) (citing Lowe v. City of Monrovia, 775 F.2d 998, 1007 (9th Cir.1985)).
 
 
 13
 * Although conceding that sua sponte entry of summary judgment may be appropriate in some situations, Reed contends that the district court erred by entering judgment sua sponte in the present case because it failed to apprise him of its intentions, thereby precluding him from requesting oral argument. He cites Dredge Corporation v. Penny, 338 F.2d 456 (9th Cir.1964), for the proposition that the "failure to permit oral argument on the motions for summary judgment requires that the judgments be reversed and the causes remanded for further proceedings." Id. at 462.
 
 
 14
 Dredge did establish that "a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied." Id. at 462. However, we have also stated that "[a] district court's failure to grant an oral hearing on a motion for summary judgment does not constitute reversible error in the absence of prejudice." Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 983 (9th Cir.1986). Here, nothing in the record, briefs or oral argument suggests any prejudice resulted from the district court's reliance on the intervening authority. The memoranda and affidavits submitted on the summary judgment motion reveal that both parties acknowledged that the law required Reed to make some showing of pretext to overcome summary judgment. Reed was unable to make such a showing and was therefore not prejudiced. Thus, the district court's failure to grant an oral hearing on the motion for summary judgment did not constitute reversible error.
 
 B
 
 15
 Reed contends that the district court had no basis to reconsider its earlier ruling denying summary judgment. Specifically, Reed argues that the district court improperly based its reconsideration of its earlier order on a case which did not, in fact, change the law as required by Local Rule 7.16.
 
 
 16
 Reed's contention is meritless. First, although the district court's order granting summary judgment states that its reconsideration was a result of the Wallis case, and appears to be the result of a "change in law," the court neither refers to a change nor cites Local Rule 7.16(b). This is a likely result of the fact that the rule is not applicable to the district court itself. Local Rule 7.16 outlines the circumstances in which a party can seek reconsideration of a motion already ruled upon by the court. Nothing in the rule suggests that it applies equally to the district court. Accordingly, the district court does not require a "change in law" to reconsider an earlier order denying it. Indeed, it is axiomatic that because the denial of a summary judgment order is not a final judgment, a district court may reconsider its ruling at any time. Preaseau v. Prudential Ins. Co., 591 F.2d 74, 79 (1979); United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (1970); Dessar v. Bank of America National Trust and Savings Ass'n, 353 F.2d 468, 470 (9th Cir.1965) (footnote omitted).
 
 C
 
 17
 A party's mere conjecture that he or she has been the victim of impermissible discrimination is insufficient to defeat summary judgment. Instead, a plaintiff must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible. Lindahl v. Air France, 930 F.2d 1434, 1439 (9th Cir.1991). Moreover, the Ninth Circuit has expressly announced that an employer is entitled to summary judgment if it has a legitimate reason for the plaintiff's termination, Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985), and that a reduction in labor force, such as the one that occurred in the instant case, is an appropriate reason to terminate an individual's employment. Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1075 (9th Cir.1986).
 
 
 18
 Reed contends that summary judgment was improper because he presented direct and circumstantial evidence of discrimination raising numerous issues of fact on the question of pretext. A close examination of Reed's evidence, however, reveals that it fails to raise even one triable issue of fact.
 
 
 19
 Reed offered two pieces of direct evidence of discrimination: an allegation that racially derogatory comments were made about him and other black employees at a meeting attended by his supervisors, Barker and Bass, and a document entitled "Application for Employment to Jesse Jackson's Staff" found in his mailbox in 1988. With respect to the racially derogatory comments, the only evidence submitted by Reed was his own declaration that in the spring of 1988, Barker informed him that someone made racially derogatory statements about him at a company meeting. As noted by Judge Ideman, Reed "offered no other evidence of these racially derogatory statements, nor any evidence as to why the statements should be attributable to Teledyne." Although Reed insists that his declaration alone is sufficient to raise a triable issue of fact on the question of pretext, the racially derogatory comments appear to lack the required specificity. The Ninth Circuit has noted that a stray remark of arguably discriminatory character is insufficient to establish discriminatory decisionmaking. Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438-39 (9th Cir.1990). The Seventh Circuit has gone so far as to find such stray "remarks, ... when unrelated to the decisional process, ... insufficient to demonstrate that the employer relied on illegitimate criteria, even when such statements are made by the decision-maker in issue." Smith v. Firestone Tire and Rubber Co., 875 F.2d 1325, 1330 (7th Cir.1989) (emphasis added). Although in the context of a "mixed motive" analysis, the Supreme Court has also noted that isolated insults, expressions of stereotyped notions, or "stray remarks" will not be sufficiently related to the decisional process to support an inference that subsequent decisions were illegally motivated. Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989).
 
 
 20
 Here, Reed has offered no evidence to indicate that these comments were made by the individuals responsible for Reed's layoff, nor reflective of any corporate practice or policy. Moreover, the fact that the comments were made two years prior to Reed's termination decreases the likelihood that they were related to his layoff.
 
 
 21
 As for the blatantly racist "Jesse Jackson Application," Reed testified at his deposition that he had complained about the document to his direct supervisor, Cliff Barker, and that management was unresponsive. Reed asserts that a factfinder could infer from the "application" and management's failure to take any action when apprised of the application that Reed's race influenced the decision to lay him off. However, as discussed in the context of the racially derogatory comments, Reed presented no evidence to suggest that the document was created by anyone in a supervisory position. Moreover, the document was placed in Reed's box two years prior to his layoff. Finally, although management's indifference upon being made aware of the document was insensitive and inappropriate, it does not constitute the sufficiently severe or pervasive abuse required to establish a hostile work environment. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991); see Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986).
 
 
 22
 Reed's circumstantial evidence is equally unpersuasive. Indeed, the district court's failure even to mention the evidence suggests that the court did not believe it merited discussion.
 
 
 23
 In sum, Reed failed to provide any evidence from which a factfinder could justifiably conclude that he was terminated because of his race.
 
 III
 
 24
 Judge Ideman denied Reed's motion for reconsideration on the grounds that the evidence submitted by Reed could have been presented earlier and that the additional facts to which Reed directed the court on his motion for reconsideration were not "probative of pretext and cannot be considered 'material' for purposes of Local Rule 7.16." Reed contends that the evidence he presented was probative of pretext and that the district court therefore erred in denying his motion for reconsideration. A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent an abuse of discretion. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 25
 Reed's contentions are without merit. First, his motion was jurisdictionally time-barred. Rule 59(e) of the Federal Rules of Civil Procedure expressly requires that a motion to alter or amend a judgment must be served no later than 10 days after entry of judgment. The district court entered judgment for Teledyne on June 7, 1994. Reed did not serve Teledyne's counsel with the motion until June 27, 1994. The 10-day time limitation Rule 59(e) imposes is jurisdictional and this court has held that district courts have no discretion to consider a late Rule 59(e) motion. Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992).
 
 
 26
 In addition, the evidence offered by Reed did not constitute "newly discovered evidence" as required by Rule 60(b). Ninth Circuit cases have held that the evidence offered in support of a Rule 60(b) motion is "not newly discovered if in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence." Coastal Transfer v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987). Here, Reed was aware of Messrs. Barritt, Peters, and Dollar when filing his opposition to Teledyne's motion for summary judgment. By failing to secure their testimony voluntarily, serve them with deposition subpoenas, or seek an extension of time under Rule 56(f), Reed ensured that this evidence would not be considered "newly discovered."
 
 
 27
 Nevertheless, even if the declarations had constituted "newly discovered evidence," they were not probative of discrimination by Teledyne management and therefore would not have affected the entry of summary judgment for Teledyne. The declarations of Barritt, Dollar, and Peters merely indicate that the three men think highly of Reed, and that Barritt had heard an unidentified individual and Barker make derogatory remarks about Reed and blacks in general. The declarations do not indicate that such comments were made by Bass or any other individual in a senior management position responsible for Reed's termination.
 
 
 28
 Thus, Reed's motion for reconsideration was jurisdictionally time-barred by Rule 59(e), failed to present newly discovered evidence as required by Rule 60(b) and, in any event, presented no evidence to rebut Teledyne's stated reason for the termination. Accordingly, we affirm the district court's denial of Reed's reconsideration motion.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3