108 F.3d 1384
 RICO Bus.Disp.Guide 9253
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CANADIAN-AMERICAN OIL COMPANY, d/b/a Divisadero Touchless
Car Wash, Plaintiff-Appellant,
v.
Julio DELGADO; Tomas Aguilar; Luciano Yos; Hector
Hernandez; Oscar Contreras; Gabriel Portillo,
Defendants-Appellees.
 No. 96-15115.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1997.*
Decided March 14, 1997.
 
 Before: ALARCN, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Canadian-American Oil Company, d/b/a Divisadero Touchless Car Wash ("Canadian-American"), appeals from the district court's judgment dismissing its action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court held that Canadian-American's amended complaint fails to state an enterprise under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, because it alleges neither a decisional structure nor an entity separate and apart from the alleged pattern of racketeering activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Canadian-American argues that the district court erred, first, because the amended complaint alleges sufficient facts to show the requisite decisional structure for a RICO enterprise. We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo. Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385).
 
 
 4
 A RICO enterprise requires " 'some sort of structure ... for the making of decisions, whether it be hierarchical or consensual.' The structure should provide 'some mechanism for controlling and directing the affairs of the group on an ongoing, rather than an ad hoc, basis.' " Chang v. Chen, 80 F.3d 1293, 1299 (9th Cir.1996) (quoting United States v. Riccobene, 709 F.2d 214, 222 (3d Cir.) (as amended), cert. denied, 464 U.S. 849 (1983)).
 
 
 5
 The amended complaint alleges that defendants "associated together" and "consensually agreed" to commit racketeering activities, and that certain defendants were "management" while others were "backers." Such conclusory statements, as the district court correctly explained, do not suffice to avoid dismissal under Rule 12(b)(6). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.) (citations omitted), cert. denied, 454 U.S. 1031 (1981). Absent any specific facts to show a structured and consensual association, the amended complaint does not plead a cognizable RICO enterprise. See Elliott v. Foufas, 867 F.2d 877, 881 (5th Cir.1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise.").
 
 II
 
 6
 Canadian-American also argues that the district court erred in concluding that the amended complaint does not state a sufficient distinction between the asserted enterprise and the alleged pattern of racketeering.
 
 
 7
 A RICO enterprise is "an entity separate and apart from the pattern of [racketeering] activity in which it engages." Chang, 80 F.3d at 1298 (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)). To meet this element, Canadian-American alleges that, apart from racketeering, the "association" attempted to unionize, obtain further job benefits, serve a social function, and force its wishes upon Canadian-American. These "goals," it argues, are distinct from the threats and intimidation that defendants used to force employees to vote for and to support a union.
 
 
 8
 Pursuit of goals through illegitimate means does not itself, however, beget a RICO enterprise. To be an enterprise, an association-in-fact must have "an existence beyond that which is merely necessary to commit the predicate acts of racketeering." Id. at 1299. The amended complaint, as the district court correctly observed, alleges no specific facts to show that an ongoing association existed apart from the acts of intimidation that defendants allegedly performed. With no separate ongoing association alleged, the amended complaint does not state a cognizable RICO enterprise.
 
 III
 
 9
 For these reasons, we also must reject Canadian-American's claim that it has stated a § 1962(d) RICO conspiracy even if it has not stated a § 1962(c) substantive RICO claim. "Without a proper allegation of an enterprise, neither the § 1962(c) nor the § 1962(d) claims can survive Appellees' motion to dismiss." Id. at 1301.
 
 IV
 
 10
 Finally, the district court did not abuse its discretion in dismissing the amended complaint with prejudice. United States v. County of San Diego, 53 F.3d 965, 969 n. 6 (9th Cir.), cert. denied, 116 S.Ct. 183 (1995). The order dismissing the original complaint explained that Canadian-American failed to allege a decisional structure or an entity distinct from the alleged pattern of racketeering activity. The district court granted Canadian-American leave to remedy its deficient enterprise allegations in an amended complaint. The amended complaint that Canadian-American filed suffers the same two deficiencies as the original complaint, either of which warrants dismissal. Canadian-American has had ample opportunity to remedy its complaint, and there is no reason to believe that further amendment would state a cognizable RICO claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3