[No. B065856. Second Dist., Div. Two. Oct. 13, 1993.]

JESSIE LOUISE VICTA, Plaintiff and Appellant, v.
MERLE NORMAN COSMETICS, INC., Defendant and Respondent.

**COUNSEL**

Cooper, Brown, Kardaras & Scharf, Michael R. Brown and George W. Williams, Jr., for Plaintiff and Appellant.

Donald R. Livingston, Gwendolyn Young Reams, Carolyn L. Wheeler and Paul R. Bogas as Amici Curiae on behalf of Plaintiff and Appellant.

O'Melveny & Myers, Scott H. Dunham, Kenneth E. Johnson and Steven M. Cooper for Defendant and Respondent.

Sonnenschein, Nath & Rosenthal, Lee T. Paterson, Brent M. Giddens and Anthony Capobianco as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**FUKUTO, J.**—The question presented is whether an injunctive consent judgment, in a federal age discrimination in employment case brought by the United States Equal Employment Opportunity Commission (EEOC), operates as res judicata to bar the complaining employee's original action for damages under California law. We conclude that in this case the element of privity between the employee and the EEOC was lacking, and therefore the judgment for defendant based on res judicata must be reversed.

I.

In 1985 plaintiff Jessie Louise Victa, who had been an employee of defendant Merle Norman Cosmetics, Inc. (Merle Norman) for over 10 years, was demoted and then terminated. Plaintiff was 54 years old; upon her

demotion, her position went to an employee allegedly 20 years younger. Plaintiff proceeded to file an administrative age discrimination charge with both the EEOC and the California Department of Fair Employment and Housing (DFEH). In accordance with its "work-sharing" agreement with the EEOC, the DFEH withheld action and sent plaintiff a "right-to-sue" notice under Government Code section 12965, subdivision (b).[1] In October 1986, plaintiff commenced this action against Merle Norman, alleging her demotion and termination violated both an implied employment contract and the California Fair Employment and Housing Act's (FEHA) prohibitions of age discrimination in employment (see Gov. Code, § 12941). Plaintiff sought actual and punitive damages, and attorney fees.

The complaint was not served on Merle Norman until 1988. In the interim, the EEOC, acting pursuant to the federal Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.; ADEA), investigated plaintiff's charge and undertook settlement discussions. An EEOC representative communicated a settlement offer for plaintiff of five months' backpay; Merle Norman rejected it.

Ultimately, the EEOC determined reasonable cause existed that Merle Norman was in violation of the ADEA. The EEOC shortly informed plaintiff that Merle Norman was willing to settle with her. After further discussions with plaintiff's lawyer, the EEOC notified Merle Norman's counsel that plaintiff desired a "six-figure" settlement, including backpay, "front pay," and attorney fees. Merle Norman rejected this demand also.

In September 1988, the EEOC sued Merle Norman in United States District Court for violation of the ADEA. (EEOC v. Merle Norman Cosmetics (U.S. Dist. Ct. C.D.Cal.) 1988, No. 88-05712-SVW(Sx)); the EEOC case.) The complaint alleged that the EEOC was bringing the case "to correct unlawful employment practices on the basis of age and to make whole Jessie L. Victa." It further alleged that since at least 1985, Merle Norman had committed and continued to commit violations of the ADEA, "by discriminating against Jessie L. Victa . . . because of her age (54)." The EEOC prayed for permanent injunctive relief against Merle Norman's engaging in age discrimination, and for an order that it pay plaintiff backpay with interest, liquidated damages, and other necessary affirmative relief "including but not limited to her rightful place reinstatement."

The EEOC case proceeded through discovery for about six months. As a nonparty, plaintiff did not participate, except that Merle Norman took her

---

[1] We have taken judicial notice of the materials requested by plaintiff and by amici curiae on behalf of Merle Norman.

deposition. Plaintiff's counsel in the present case represented her at that deposition, and also represented another witness, for whom he sought a protective order regarding deposition scheduling. To arrange for such scheduling, he also suggested that Merle Norman's counsel stipulate to a stay of the EEOC case. Merle Norman's counsel replied that the EEOC was not disposed to such a stay; but a few days later the EEOC's counsel offered one. Merle Norman's counsel refused. Reminding plaintiff's counsel he was not a participant in the EEOC case, she also refused to agree that plaintiff's and the witness's depositions could be used in the present case.[2]

In March 1989, counsel for the EEOC and Merle Norman appeared before the district court for pretrial conference. The court stated it saw no merit in the EEOC's case. The next day, the EEOC opened settlement negotiations with Merle Norman, and proposed a dismissal without prejudice. Merle Norman insisted on a dismissal with prejudice, stating it did not wish to litigate the matter again. The EEOC countered that it was unwilling to agree to a judgment that would preclude plaintiff, but it believed a dismissal with prejudice would not do so anyway. On that question, the parties "agreed to disagree." They further agreed to a consent judgment, for injunctive relief against future discrimination and a dismissal with prejudice. Plaintiff and her counsel were never consulted or contacted about this settlement, until it was completed.

The stipulated judgment in the EEOC case, filed April 7, 1989, provided for dismissal with prejudice, in exchange for which Merle Norman agreed to maintain a workplace free of age discrimination, and to post notice of employees' rights regarding age discrimination for 90 days. The judgment further provided that "[t]his dismissal . . . constitutes full . . . discharge and satisfaction of any claims alleged by the EEOC in this action against Merle Norman regarding Victa as well as any other claims which could have been raised by the EEOC in the complaint filed in this action." Merle Norman was not obligated to make any payments; and in any EEOC petition for contempt of the injunctive provision, "any claims with respect to Victa w[ould] be barred by this judgment . . . ."

Having been informed by the EEOC that she should now proceed with the present case, plaintiff undertook to do so.[3] However, in April 1990 Merle Norman sued plaintiff in United States District Court, seeking an injunction

---

[2]Merle Norman later did agree to such dual use.

[3]The record reflects disagreement between the parties over whether this case had been stayed by the pendency of the EEOC case. Although the ADEA provides that the EEOC's commencement of a case under it "shall supersede" (i.e., stay) "any State action" (29 U.S.C. § 633(a)), this provision may refer only to state administrative proceedings. Because the question is nowise dispositive of the issues herein, we do not pursue it.

against prosecution of this case, and damages for having resumed it, on grounds the judgment in the EEOC case barred the present case by virtue of res judicata. In short order, the court (the same judge who had presided in the EEOC case) dismissed the new action, stating that "this issue would be better addressed in the state court that is now entertaining [the present] action." (Merle Norman Cosmetics, Inc. v. Victa (U.S. Dist. Ct. C.D.Cal. June 28, 1990) No. CV 90-1794-SVW.) Merle Norman appealed to the United States Court of Appeals, which affirmed the dismissal as a proper exercise of discretion, after stating, "We have serious doubts whether it can be said that Victa's state law claim was actually decided by the stipulated judgment of the [EEOC] case." (*Merle Norman Cosmetics, Inc.* v. *Victa* (9th Cir. 1991) 936 F.2d 466, 468.)

The superior court then tried the res judicata question, separately (Code Civ. Proc., § 597). After receiving evidence about the history of the two cases as summarized above, the court issued its statement of decision to the effect that the present case was barred by res judicata. The court held that although plaintiff had not been a party to the EEOC case, in prosecuting and settling it the EEOC had been in privity with her, because it had sued Merle Norman as her representative, she had been aware of the litigation, and her counsel had participated in discovery proceedings therein. The judgment under appeal followed.

## II.

Res judicata, and its component of collateral estoppel, foreclose relitigation of a cause of action or issue that was determined in a prior case, involving the same party or one in privity to it, and which ended in a final judgment on the merits. (E.g., *County of Los Angeles* v. *County of Los Angeles Assessment Appeals Bd.* (1993) 13 Cal.App.4th 102, 108 [16 Cal.Rptr.2d 479].) In the present case, Merle Norman invokes res judicata itself, i.e., "claim preclusion."[4]

Plaintiff first preemptively contends that the ADEA precludes a judgment obtained by the EEOC from operating as res judicata to bar a claimant's action which was commenced before the EEOC's. Plaintiff bases this contention on several cases that have opined that under the ADEA, cases

---

[4]Res judicata may be waived if not pleaded when it becomes available. (See Code Civ. Proc., § 1908.5.) The record does not reflect that Merle Norman filed a supplemental answer asserting the defense, as it should have. However, in the posture of this case the deficiency does not bar consideration of the merits. (*Bennett* v. *Forrest* (1944) 24 Cal.2d 485, 491-492 [150 P.2d 416].)

prosecuted and judgments obtained by the EEOC (or its enforecment predecessor, the Secretary of Labor[5]) do not preclude the continuation of such prior actions. (*E.E.O.C.* v. *Pan American World Airways, Inc.* (9th Cir. 1990) 897 F.2d 1499, 1507, fns. 7, 8; *E.E.O.C.* v. *Eastern Airlines, Inc.* (11th Cir. 1984) 736 F.2d 635, 639-641; *Dunlop* v. *Pan American World Airways, Inc.* (2d Cir. 1982) 672 F.2d 1044, 1049, fn. 7.) These decisions, in turn, relied on the prevailing interpretation of two sections of the ADEA, which provide that the commencement of an EEOC action "terminate[s]" the right to bring a private action under the ADEA (29 U.S.C. § 626(c)(1)), and that such commencement "shall supersede any State action." (29 U.S.C. § 633(a); see fn. 3, *ante*.)

The cited cases do lend ponderable support to plaintiff's position.[6] Moreover, as will appear, the ADEA's apparent intent that EEOC actions not displace previously commenced private actions bears significantly on an element of res judicata in a case such as this—privity. But there also are substantial contrary considerations. None of the cited cases approached the question in terms of res judicata, and none of them involved a situation, as here, in which a state court was called upon to give res judicata effect to a judgment in an ADEA case as a matter of state law. Plaintiff's contention that the ADEA prohibits that in this case is actually a claim of implicit federal preemption of California law. ■ Such preemption cannot be found without clear demonstration. (*Chicago & N. W. Tr. Co.* v. *Kalo Brick & Tile Co.* (1981) 450 U.S. 311, 317 [67 L.Ed.2d 258, 264-265, 101 S.Ct. 1124]; *Elsworth* v. *Beech Aircraft Corp.* (1984) 37 Cal.3d 540, 548 [208 Cal.Rptr. 874, 691 P.2d 630].)

Because we will conclude that the judgment in the EEOC case does not intrinsically qualify as res judicata in this one, we need not resolve plaintiff's sweeping contention that the doctrine may not even be asserted in a case of this type. We proceed instead to consider the elements of res judicata with respect to this particular case.

### III.

■ The first element required for res judicata in California is a final judgment on the merits. Although the judgment in the EEOC case was

---

[5]As originally enacted in 1967, the ADEA designated the Secretary of Labor to bring actions to enforce it. By subsequent executive order and legislation, that function was transferred to the EEOC.

[6]That is not the case, however, with respect to *Astoria F. S. & L. Assn.* v. *Solimino* (1991) 501 U.S. 104 [115 L.Ed.2d 96, 111 S.Ct. 2166], also advanced by plaintiff. That case discretely held that the ADEA intended to disallow judicially unreviewed state administrative findings from having collateral estoppel effect in a subsequent federal court ADEA action.

rendered by consent and stipulation, it so qualifies. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 219, p. 656; see *California State Auto. Ins. Assn. Inter-Ins. Bureau* v. *Superior Court* (1990) 50 Cal.3d 658, 664 [268 Cal.Rptr. 284, 788 P.2d 1156]; *id.* at pp. 666-667 (conc. opn. of Broussard, J.).)

The second requisite is that the same claim be asserted in both actions. On this question, the parties join issue with competing arguments and authorities of substantial weight. For its part, Merle Norman observes that both the present case and the EEOC case alleged as their basis for relief that plaintiff had suffered age discrimination in her demotion and discharge. Only the statutory basis for the claim, and the degree of relief sought and available, differed.

Merle Norman accordingly cites *Johnson* v. *American Airlines, Inc.* (1984) 157 Cal.App.3d 427 [203 Cal.Rptr. 638] (*Johnson*), in which an employment discrimination suit under the California Constitution and the FEHA was held barred, through res judicata, by a consent judgment in a federal class action under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.; tit. VII). In *Johnson* the plaintiff, a member of the class, contended her own case involved a different claim, because it was brought under state law, which provided broader rights. Following traditional California principles, the court disagreed. It held that plaintiff's cause of action was defined by the " 'primary right' " invaded—in this case, "the right to be free from employment discrimination based on sex, in the specific area of involuntary maternity leave" (*Johnson, supra,* at p. 433)—regardless that the second action may have asserted a different legal theory. (*Id.* at pp. 431-432; see also *Gamble* v. *General Foods Corp.* (1991) 229 Cal.App.3d 893, 899-901 [280 Cal.Rptr. 457] [contractual wrongful discharge suit barred by adverse federal court judgment in tit. VII case]; *Trujillo* v. *County of Santa Clara* (9th Cir. 1985) 775 F.2d 1359, 1366 [*Trujillo*] [citing *Johnson* and holding 42 U.S.C. § 1983 suit was barred by judgment in FEHA case].)

Plaintiff's counterargument involves a sort of confession and avoidance. Although not denying that the "primary right" analysis generally governs the question of claim identity for purposes of res judicata in California, plaintiff contends that an exception applies here. Her argument is based on section 26, subdivision (1)(c) of the Restatement Second of Judgments (§ 26(1)) and certain federal cases applying it, explicitly or implicitly. Section 26(1) provides that a prior judgment does not extinguish a plaintiff's claim to the extent that "The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the

second action to rely on that theory or to seek that remedy or form of relief[.]" In brief, plaintiff contends that because the district court in the EEOC case did not have jurisdiction of her count for violation of the FEHA, and thus could not award those remedies available under the FEHA but not the ADEA (i.e., emotional distress and punitive damages), the judgment in the EEOC case should not and does not bar her pursuit of those remedies.

Plaintiff's position that she should be able to "split" her cause of action by dint of section 26(1) finds support in *Bechtel Petroleum, Inc.* v. *Webster* (N.D.Cal. 1984) 636 F.Supp. 486, 501-502 (*Webster*), affirmed per curiam (9th Cir. 1986) 796 F.2d 252, which held that a suit under Alaska minimum wage laws could continue following a consent decree in a case brought by the Secretary of Labor under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.; FLSA). However, *Webster* did not purport to apply California res judicata principles. In California case law, the closest we can discern to recognition of section 26(1)'s principles is *Merry* v. *Coast Community College Dist.* (1979) 97 Cal.App.3d 214 [158 Cal.Rptr. 603] (*Merry*).[7]

In *Merry*, the plaintiff had suffered summary judgment for failure to state a claim in his federal court action under federal civil rights laws. Based on the same transactions and injuries, plaintiff sought to pursue a common law action in superior court. That court dismissed that case as barred by res judicata, but the Court of Appeal reversed.

After restating the elements of res judicata in traditional, restrictive terms, the court focused on its *effect*, as barring relitigation of all issues that could have been raised and litigated in the first action. The court reasoned that plaintiff could have brought his state claims along with his federal ones, under the federal district court's pendent jurisdiction. However, it appeared certain that the federal court, having summarily adjudicated that the federal claims lacked merit, would not have exercised that discretionary jurisdiction to retain and decide the state claims. In short, the state claims could not have been litigated, as a jurisdictional matter, and hence res judicata did not bar

---

[7]Plaintiff alludes in this connection to *Eichman* v. *Fotomat Corp.* (9th Cir. 1985) 759 F.2d 1434, which broadly stated that "Under California preclusion law, in order for *res judicata* to apply to claims not raised in previous proceedings, the court rendering the prior judgment must have had jurisdiction to hear such claims." (*Id.* at p. 1437; accord, *Trujillo, supra,* 775 F.2d 1359, 1366, citing *Eichman.*) Whether or not this statement is correct, the three California cases *Eichman* cited for it say no such thing. They merely state that a judgment of a court with competent subject matter jurisdiction will have res judicata effect.

them. The court here relied on and quoted the precursor to Restatement Second of Judgments section 25, comment *e*, to the same effect.[8]

The *Merry* decision expressly declined to resolve whether the plaintiff's state and federal claims involved the same primary right. (*Merry*, *supra*, 97 Cal.App.3d at p. 227.) The court viewed that question as inconsequential: in its view, res judicata did not bar the state claims in any event, because the federal court would not have exercised jurisdiction to determine them. *Merry* thus stands for the same type of limitation on res judicata as is expressed in section 26(1)—based on jurisdictional unamenability of part of a claim.

The present case, however, does not truly qualify for the section 26(1)-*Merry* exception. The district court in the EEOC case could have assumed pendent jurisdiction of plaintiff's instant claims, at least had plaintiff herself been the plaintiff there. Moreover, because the EEOC case was truncated by stipulated judgment, we cannot with any confidence determine whether that discretionary jurisdiction would have continued to attach, to resolution on the merits.

The real barrier to litigation of plaintiff's state law claims in the EEOC case was that the EEOC did not possess standing to prosecute those claims. (See Gov. Code, §§ 12265, 12973, subd. (b) [FEHA suits may be brought by aggrieved claimants and DFEH]; 29 U.S.C. § 626 [EEOC empowered to prosecute ADEA claims].) But this deficiency was not one of subject matter jurisdiction. Rather, it was one of standing or practical capacity on the part of the EEOC. In short, the inability to assert the broader remedies of California law in the EEOC case derived not from limitations on the courts but from limitations of the EEOC's power. Plaintiff once again has identified a factor that more closely bears on the third element of res judicata, privity.

### IV.

■ Because plaintiff was not a party to the EEOC case, she could be bound by its judgment only if she was in privity with the EEOC in that case.

---

[8] " 'A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.' " (*Merry*, *supra*, 97 Cal.App.3d at p. 229.)

"This requirement of identity of parties or privity is a requirement of due process of law." (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098].) "Due process requires that the nonparty have had an identity or community of interest with, and adequate representation by, the losing party in the first action. [Citations.] The circumstances must also have been such that the nonparty should reasonably have expected to be bound by the prior adjudication. . . . [¶] A nonparty should reasonably be expected to be bound if he had in reality contested the prior action even if he did not make a formal appearance," for example, by controlling it. (*Lynch* v. *Glass* (1975) 44 Cal.App.3d 943, 948-949 [119 Cal.Rptr. 139]; accord, *Clemmer, supra,* 22 Cal.3d at p. 875.) Furthermore, privity appertains "against one who did not actually appear in the prior action . . . where the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for a nonparty." (*Lynch, supra,* 44 Cal.App.3d at p. 949.)

"Whether someone is in privity with the actual parties requires close examination of the circumstances of each case." (*People* v. *Henderson* (1990) 225 Cal.App.3d 1129, 1151 [275 Cal.Rptr. 837].) To this end, the superior court conducted a short trial of the res judicata question, focusing on the element of privity. We review the court's conclusion of privity de novo, both because the supporting and surrounding facts were uncontradicted, and because the issue, which ultimately involves the requisites and limits of due process, is a legal one.

 The trial court ruled that in prosecuting the EEOC case, the EEOC had served as Victa's representative, thus establishing a traditional basis for privity. In support of this conclusion, Merle Norman advances cases in which California governmental entities were held to have sued in representative privity with and for individual claimants. (*Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.* (1968) 266 Cal.App.2d 269, 277-278 [72 Cal.Rptr. 102] [cities that had brought nuisance actions on request of plaintiffs in similar, private actions represented those plaintiffs]; *Trujillo, supra,* 775 F.2d at p. 1367 [agency that brought administrative proceeding at claimant's request represented him; claimant also appeared personally in judicial review of proceeding].) Although these decisions are generally instructive, they do not zero in on the nature of the EEOC's status and relationship with plaintiff here. Other cases do enlighten those questions.

The United States Supreme Court considered related issues in *General Telephone Co.* v. *EEOC* (1980) 446 U.S. 318 [64 L.Ed.2d 319, 100 S.Ct. 1698] (*General Telephone*). In that case the EEOC, after investigating four employees' complaints of sex discrimination, commenced suit under title

VII, seeking injunctive relief and backpay for employees across several states. The Supreme Court held that the EEOC could pursue this suit without obtaining class action certification under the Federal Rules of Civil Procedure. The court discerned the intended purpose of the EEOC's enforcement authority as "not merely a proxy for the victims of discrimination . . . . When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." (*Id.* at p. 326 [64 L.Ed.2d at p. 327].)

Moreover, the court specifically recognized that its decision would deprive EEOC judgments of automatic res judicata effect. The court stated, in part: "[W]e are unconvinced that it would be consistent with the remedial purpose of the statutes to bind all 'class' members with discrimination grievances against an employer by the relief obtained under an EEOC judgment or settlement against the employer. This is especially true given the possible differences between the public and private interests involved." (*General Telephone*, *supra*, 446 U.S. at p. 333 [64 L.Ed.2d at pp. 331-332].) *General Telephone*'s identification of distinct interests between the EEOC and those whose complaints it presses has since produced a holding that privity did not exist between a title VII plaintiff and the EEOC, which had brought a case on her behalf and then had settled it to her dissatisfaction. (*Riddle* v. *Cerro Wire and Cable Group, Inc.* (11th Cir. 1990) 902 F.2d 918, 921-923.)

But *General Telephone*'s analysis is not necessarily controlling here, because the present EEOC case arose not under title VII, the statute construed in *General Telephone*, but under the ADEA, a distinct remedial regime. Merle Norman asserts that the distinction should be dispositive, and offers a United States Court of Appeals decision squarely holding that in an ADEA case, the EEOC represents and stands in privity with the private claimants whose interests it pursues. (*E.E.O.C.* v. *U.S. Steel Corp.* (3d Cir. 1990) 921 F.2d 489 [*U.S. Steel*].) We naturally examine this decision closely.

In *U.S. Steel*, a number of employees had brought and lost private ADEA actions on account of U.S. Steel's pension practices. While those suits were pending, the EEOC commenced its own ADEA case, challenging the same practices. In that case the court entered a permanent injunction for the EEOC, including an order to remit pension benefits to those wronged. This group included the unsuccessful plaintiffs in the former cases, and U.S. Steel sought an order that they were barred by res judicata from receiving benefits under the new judgment. The district court refused to declare res judicata on equitable grounds.

The Third Circuit reversed. After holding that res judicata was not susceptible to avoidance on equitable grounds, the court turned to the question

of privity, which was the only contested element. It concluded that the EEOC had sued as representative of the claimants or beneficiaries, and that the EEOC did so in all ADEA cases in which it sought "individualized relief." The court based this conclusion squarely on 29 United States Code section 626(c)(1), the provision of the ADEA that "terminate[s]" the rights of individuals to bring private ADEA actions once the EEOC commences suit to enforce their rights. The court reasoned "that Congress would not have crafted this enforcement scheme—on the one hand, creating an individual cause of action and, on the other, cutting off the individual's right to sue once the EEOC begins its action—unless Congress intended for the EEOC to serve as the individual's representative when it seeks to enforce that individual's rights." (*U.S. Steel, supra,* 921 F.2d at pp. 494-495.)

Significantly, the court adhered to this conclusion without disputing either the no-class-action holding of *General Telephone,* which the court "assume[d], for present purposes, applies equally to an ADEA suit," or the EEOC's own characterization of its function, in line with that decision, as serving the public interest, which the court termed "accurate." (*U.S. Steel, supra,* 921 F.2d at p. 496.) Nonetheless, the court concluded, "when the Commission seeks individualized benefits under the ADEA for particular grievants, as it did in this case, the Commission functions to that extent as their representative, and the doctrine of representative claim preclusion applies." (*Ibid.*)[9]

*U.S. Steel* thus held that notwithstanding any competing factors (such as the holdings of *General Telephone*), the EEOC stands in representative privity with private suitors for whom it seeks benefits, because the ADEA cuts off their right to sue once the EEOC does. But there is an intrinsic flaw in this reasoning and construction, at least with respect to a case such as the present one.

The statute from which *U.S. Steel* drew its conclusion (29 U.S.C. § 626(c)(1)) expressly does not cut off the private action rights of claimants like plaintiff, who have brought state-law actions (or, for that matter, ADEA suits) before the EEOC sues. Indeed, the ADEA's preservation of such cases forms the basis of plaintiff's contention (discussed *ante,* pp. 459-460) that the ADEA "repealed" the operation of res judicata with respect to them. We have found it unnecessary to decide whether the statutory exemption of previously filed cases from "terminat[ion]" signifies that Congress meant to

---

[9]*U.S. Steel* was followed and perhaps expanded upon in *E.E.O.C.* v. *Harris Chernin, Inc.* (N.D.Ill. 1991) 767 F.Supp. 919, which held that the dismissal of an employee's ADEA action on statute of limitations grounds barred an EEOC injunctive suit alleging discrimination against that employee.

preempt the effect of traditional res judicata principles upon them. But we cannot subscribe to the notion that Congress intended sub silentio to *legislate* an element of res judicata (see *U.S. Steel, supra*, 921 F.2d at p. 495) that would bar such cases, by enacting a statute that expressly excludes them from extinction when the EEOC undertakes litigation. Even assuming section 626(c)(1) meant to empower the EEOC to stand in, "privitywise," for claimants who had not yet sued, it is illogical to assume the same intention with respect to those whose had sued, and whose suits the statute preserved.

Our inability to accept *U.S. Steel*'s generalized privity analysis finds support in *Webster, supra*, 636 F.Supp. 486, affirmed per curiam (9th Cir. 1986) 796 F.2d 252. *Webster* determined that a previously filed state lawsuit was not barred under res judicata by a consent judgment obtained by the Secretary of Labor under the FLSA. The FLSA also provides that the Secretary's commencement of an action thereunder shall "terminate" an employee's right to sue. (29 U.S.C. § 216(b), (c).) The ADEA expressly incorporates those provisions with respect to the EEOC's enforcement authority. (29 U.S.C. § 626(b); see *Burns* v. *Equitable Life Assur. Soc. of U.S.* (2d Cir. 1982) 696 F.2d 21, 23; *Webster, supra*, 636 F.Supp. at p. 499.) Moreover, the *U.S. Steel* decision itself noted that the provision of the ADEA on which it relied "was patterned after section 16(b) of the [FLSA], 29 U.S.C. § 216(b)." (*U.S. Steel, supra*, 921 F.2d at p. 494, fn. 4.)

In *Webster*, the employer argued "that these provisions grant the Secretary explicit statutory authority to sue on behalf of employees," thus establishing privity. (*Webster, supra*, 636 F.Supp. at p. 499.) However, the court noted that the statutes did not "allow the Secretary to terminate prior filed federal actions, or state actions." (*Ibid.*) Accordingly, they could not be read to establish blanket privity, as to such actions. The court went on to determine that privity did not exist in the case before it, in light of the FLSA's preservation of state remedies (29 U.S.C. § 218; cf. 29 U.S.C. § 633(a) [ADEA]), the analogousness of the secretary's position to that of the EEOC in title VII cases under *General Telephone, supra*, and the fact that the consent judgment at issue had not, at least from the secretary's standpoint, been intended to control the state claims. (*Webster, supra*, 636 F.Supp. at pp. 499-501.)[10]

The trial court's conclusion that the EEOC acted as plaintiff's representative in the EEOC case thus cannot be sustained on the basis of the statutory definition of the EEOC's role. Moreover, the record here leads to the

---

[10]The Ninth Circuit affirmed "on the basis of [the] District Judge['s] well reasoned opinion," which it adopted. (*Bechtel Petroleum, Inc.* v. *Webster* (9th Cir. 1986) 796 F.2d 252, 253.)

opposite conclusion, as perceived in *General Telephone*, *supra*, that the EEOC prosecuted the EEOC case at least as much, and perhaps more, in the general, public interest than in plaintiff's. Although the complaint stated that the EEOC was bringing the case both to correct unlawful employment practices at Merle Norman and to make plaintiff whole, by the time it agreed to the judgment the EEOC had dispensed with plaintiff's particular interest, and was content to dismiss the case in exchange for Merle Norman's submission to a general injunction. Surely, in obtaining the judgment here urged as res judicata, the EEOC did not act as plaintiff's representative. (Cf. *Riddle* v. *Cerro Wire and Cable Group, Inc.*, *supra*, 902 F.2d at p. 923.)

The trial court further determined that privity between plaintiff and the EEOC was supported by the facts that plaintiff had been aware of the EEOC case, and her counsel had participated in discovery proceedings in it. These facts are not significant. As stated in another case that found an absence of privity, "Although appellants were fully aware of the prior litigation, the appearance of one of them as a witness gave them no power to control any aspect of the case." (*Lynch* v. *Glass*, *supra*, 44 Cal.App.3d at p. 949.) That plaintiff's counsel appeared on plaintiff's behalf when she testified as a pretrial witness (and also made such an appearance for another witness) gave them no ability to control or shape the judgment: indeed, they were unaware of the settlement until it had occurred. Whatever plaintiff's relationship to the administrative activities that preceded it, she had no litigative participation or control in the EEOC case. Her posture on the sidelines—more aptly, outside the stadium—refutes the notion that she reasonably should have anticipated being bound by it. (See *ibid.*)

We therefore conclude that in this case the element of privity, representative or otherwise, was lacking, and hence the judgment in the EEOC case cannot serve as res judicata. This decision does not stem from or signify a general disavowal of the EEOC's capacity to stand in privity with a claimant in an ADEA case. Rather, it derives from the particular facts of the case at hand, which in our view compel the conclusion reached.

## V.

The judgment is reversed. Plaintiff shall recover costs.

Boren, P. J., and Gates, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 20, 1993.