839 So.2d 979 (2003)
Dr. Dwight VINES and Dr. Van McGraw, Plaintiffs-Appellants,
v.
NORTHEAST LOUISIANA UNIVERSITY and the Board of Trustees, University of Louisiana System, Defendants-Appellees.
No. 36,747-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
Rehearing Denied April 3, 2003.
*980 Johnny E. Dollar, Monroe, Dwan S. Hilferty, New Orleans, for Appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, by H. Mark Adams, Pauline F. Hardine, Virginia W. Gundlach, Jennifer L. Anderson, Baton Rouge, McLeod Verlander, by Robert M. McLeod, Donald C. Douglas, Jr., Monroe, for Appellee University of Louisiana at Monroe.
Winston G. Decuir, New Orleans, Linda Law Clark, Baton Rouge, for Appellee Board of Supervisors of the University of Louisiana System.
Before BROWN, WILLIAMS and GASKINS, JJ.
GASKINS, J.
The plaintiffs, Dr. Dwight Vines and Dr. Van McGraw, appeal a trial court judgment sustaining an exception of res judicata and collateral estoppel as to their claims of age discrimination. The exception was based upon the dismissal of a suit in federal court filed by the Equal Employment *981 Opportunity Commission (EEOC). The defendants, Northeast Louisiana University and the Board of Trustees of the University of Louisiana System, have answered, seeking sanctions for a frivolous appeal. For the following reasons, we reverse the trial court judgment and deny the claim for frivolous appeal.

FACTS
The plaintiffs were professors at Northeast Louisiana University, now known as the University of Louisiana at Monroe (ULM). Vines retired in 1989 and McGraw retired in 1991. They voluntarily chose to retire with benefits equal to 100% of their average compensation during their last three years of work. They simultaneously were rehired on a year-to-year basis. The plaintiffs worked for five years under this plan, receiving retirement benefits in addition to salaries for work performed.
In January 1996, the University of Louisiana System adopted a policy prohibiting the re-employment of retirees on a regular full-time basis. In April 1996, the plaintiffs were notified that they would not be rehired for the 1996-1997 year.
In May 1997, the plaintiffs filed suit in federal court claiming that the defendants violated the federal Age Discrimination in Employment Act (ADEA) contained in 29 U.S.C. § 621 et seq., as well as Louisiana law prohibiting age discrimination.[1] On the same date, they filed suit in state court asserting the same causes of action.
ULM removed the state court suit to federal court, claiming federal question jurisdiction. The cases were consolidated. The plaintiffs claimed that the defendants violated the federal and state laws against age discrimination by prohibiting the re-employment of retirees, paying the plaintiffs less than younger professors, and increasing their workloads.
The EEOC then instituted a separate action in federal court naming the plaintiffs as aggrieved parties. The EEOC alleged that ULM had a policy of paying rehired retirees lower wages and giving them increased workloads, in violation of the ADEA. The EEOC action was also consolidated in federal court with the federal and state cases brought by the plaintiffs. According to the plaintiffs, the EEOC eventually expanded the scope of victims to include all retirees employed at lower wages or rejected or terminated from employment.
In August 1999, the federal court granted an exception of prescription as to the plaintiffs' state court claims.[2]
On January 11, 2000, the United States Supreme Court in Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), found that individuals may not sue the states under the ADEA.
The defendants filed a motion for summary judgment, seeking dismissal of the EEOC's and the plaintiffs' remaining ADEA claims. Based upon Kimel, the federal court concluded that it lacked jurisdiction over the plaintiffs' ADEA claims. However, the EEOC was not barred from asserting those claims on behalf of the plaintiffs.
The federal court also found in June 2000 that it lacked subject matter jurisdiction over the plaintiffs' individual state law claims and vacated its prior order dismissing *982 the state law claims on grounds of prescription. The plaintiffs' state law claims were remanded to the state court. The EEOC's age discrimination claim on behalf of the plaintiffs proceeded in federal court. According to the plaintiffs, during discovery, the EEOC expanded the scope of the alleged victims to include others affected by the decision not to hire retirees.
Shortly before trial of the EEOC claim, the federal judge granted summary judgment, dismissing the lawsuit. The court found that the defendants' policy did not violate the ADEA and that ULM had neither paid lower wages nor discharged the plaintiffs in violation of the ADEA. The court found that the defendants had legitimate nondiscriminatory reasons for their decisions regarding the plaintiffs and there was no evidence to support a finding that the decisions were motivated by age. The EEOC sought to appeal the judgment, but then dismissed its appeal. At that point, the only matter still outstanding was the plaintiffs' discrimination claim based upon state law, which had been remanded to the state court.
The defendants filed an exception of res judicata/ collateral estoppel in the present case, arguing that it asserted the same claims and issues previously litigated and decided adversely to the plaintiffs in federal court. The trial court granted the exception, dismissing the plaintiffs' state court claims with prejudice.
The trial court, in a carefully considered judgment, found that the federal principles of res judicata applied to bar the plaintiffs' claims. The court noted there was no dispute that the federal court summary judgment on the EEOC claim was rendered by a court of competent jurisdiction and that the decision was final on the merits. The trial court noted that although the same parties were not involved, the EEOC was in privity with the plaintiffs. The court also stated that "strictly speaking" the cause of action was not the same. However, the court found that the same nucleus of operative facts applied, therefore res judicata barred the present action. The plaintiffs appealed the trial court judgment and the defendants answered the appeal.

RES JUDICATA AND COLLATERAL ESTOPPEL
The plaintiffs contend that the tests for res judicata and collateral estoppel were not met. While they concede that there was a judgment by a court of competent jurisdiction in the ADEA claim brought by the EEOC, and it was a final judgment on the merits, they argue that the cases do not involve the same parties or the same cause of action. These arguments have merit.
A final judgment in federal court can become the basis for a res judicata plea in state court. A federal court summary judgment based upon the burden of proof, and not lack of jurisdiction, is a final judgment for purposes of a subsequent state court plea of res judicata. Fust v. Fontenelle, 558 So.2d 715 (La.App. 4th Cir. 1990).
The federal law of res judicata bars all claims that were or could have been advanced in support of the causes of action on the occasion of its former adjudication, not merely those that were adjudicated. Palmer v. Lanco Construction, 95-0987 (La.App. 4th Cir.11/30/95), 665 So.2d 1217. Claim preclusion will therefore apply to bar a subsequent action on res judicata principles where parties or their privies have previously litigated the same claim to a valid final judgment. Reeder v. Succession of Palmer, 623 So.2d 1268 (La. 1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994).
*983 As specified in Reeder v. Succession of Palmer, supra, for res judicata to bar pendent state law claims in a subsequent state law proceeding, certain conditions must be met. First, the federal court must have jurisdiction over the federal law claims. Second, it must exercise that jurisdiction and render a judgment on the merits. Third, there must have been pendent state law claims that were not litigated due to a failure of the plaintiff to assert the claims. Under federal law, res judicata does not apply unless the party claimed to be barred had a "full and fair opportunity" to litigate the claim in the first action. Benton, Benton and Benton v. Louisiana Public Facilities Authority, 95-1367 (La.App. 1st Cir.4/4/96), 672 So.2d 720, writ denied, 96-1445 (La.9/13/96), 679 So.2d 110.
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. Reeder v. Succession of Palmer, supra; Benton, Benton and Benton v. Louisiana Public Facilities Authority, supra.
For a federal court judgment to bar a subsequent suit under federal res judicata principles, it must meet four tests: (1) both cases must involve the same parties; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the prior judgment must have been a final judgment on the merits; and (4) the cause of action at issue must have been the same in both cases. Arthur v. Zapata Haynie Corporation, 95-956 (La.App. 3d Cir.1/22/97), 690 So.2d 86, writ denied, 97-1031 (La.5/30/97), 694 So.2d 252, cert. denied, 522 U.S. 860, 118 S.Ct. 162, 139 L.Ed.2d 106 (1997).
Even if res judicata does not apply, the doctrine of collateral estoppel, or issue preclusion, may. Collateral estoppel prohibits litigation between the same parties in any future lawsuit when an issue of ultimate fact has been determined by a valid and final judgment. When an issue or factor of law is actually litigated and determined to be a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. RecoverEdge v. Pentecost, 44 F.3d 1284 (5th Cir.1995).

Privity
In order to properly evaluate the plaintiffs' claim that the federal summary judgment in the action filed by the EEOC does not serve as a res judicata bar in the present state court action, we must first decide whether the parties in the two actions are the same. This necessarily requires consideration of whether the EEOC and the plaintiffs were in privity in the action filed by the commission.
According to the plaintiffs, the EEOC was not representing them in the federal case. They also argue that, to the extent that the EEOC may be deemed to represent them, it did so only as to the federal ADEA claim and not as to the claim of age discrimination under state law. They contend that the federal court's action in remanding the state claims demonstrates that there are different causes of action. They assert that the ADEA and Louisiana's anti-discrimination statute provide different remedies. The plaintiffs also point out that there was no mechanism for them to advance their state court claims in the action filed by the EEOC. The plaintiffs claim that they never consented to representation by the EEOC as to their state cause of action. They maintain that the EEOC has no express or implied relationship with an individual bringing a claim *984 of discrimination and the EEOC owes nothing to the plaintiffs.
As stated above, Louisiana law provides a state court remedy for age discrimination. The law specifies that a plaintiff who has a cause of action against an employer, employment agency, or labor organization for violation of the Louisiana Employment Discrimination Law may file suit in the district court of the parish where the alleged violation occurred. See La. R.S. 23:313 and former La. R.S. 23:973.
Also, federal law prohibits discrimination against workers on the basis of age. See 29 U.S.C. § 621 et seq. The interplay between the state and federal statutes is set forth in 29 U.S.C. § 633 which provides:
Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.
(b) Limitation of Federal action upon commencement of State proceedings
In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: Provided, That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.
Under this scheme, a claimant is required to seek redress of his employment grievances under state law first. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). However, prior to the Supreme Court decision in Kimel, an individual could file an ADEA claim against a state entity on his own behalf and could also attach his pendent state claims.
The Supreme Court in Kimel then held that an individual claimant does not have the right to bring an ADEA action against the state. The Supreme Court found that the ADEA's purported abrogation of the states' sovereign immunity was invalid. The Supreme Court held that state employees are protected by state age discrimination statutes and specified that those avenues of relief remain available, just as they were before the decision. Also, the EEOC was empowered to bring suit to prohibit an employer from violating the ADEA.
As stated above, based upon Kimel, the plaintiffs' individual suit under the ADEA was dismissed and the pendent state law claim was remanded for lack of jurisdiction. Later, the EEOC claim was dismissed in federal court pursuant to summary judgment on the merits. Therefore, we must decide whether the EEOC was in privity with the plaintiffs on the ADEA claim sufficient to bar the plaintiffs' claim under Louisiana law.
A matter very similar to the facts of the present case was considered in Victa v. Merle Norman Cosmetics, Inc., 19 Cal. App.4th 454, 24 Cal.Rptr.2d 117 (1993). In *985 that case, the court was called upon to decide whether an action in federal court by the EEOC, under the ADEA, claiming that the defendant discriminated against Ms. Victa on the basis of age, served as a res judicata bar to the plaintiff's suit for age discrimination in state court under state law. The EEOC and the defendant eventually agreed upon a stipulated judgment. Ms. Victa then proceeded with her state court claim. The court noted that the EEOC did not have standing to assert the cause of action under state law.
The court reasoned that because the plaintiff was not a party to the EEOC case, she would be bound by the judgment only if she was in privity with the EEOC. The court noted that the requirement of identity of parties or privity is a requirement of due process, which requires that the nonparty have had an identity or community of interest with, and adequate representation by the losing party in the first action. The Victa court also stated that the circumstances must have been such that the nonparty should reasonably have expected to be bound by the prior adjudication.
In deciding whether privity existed under the facts presented, the Victa case considered the United States Supreme Court ruling of General Telephone Company of the Northwest, Inc. v. Equal Employment Opportunity Commission, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). In that case, the EEOC filed suit for sex discrimination for employees in several states under Title VII of the Civil Rights Act of 1964. The Supreme Court ruled that the EEOC could pursue that suit without the requirement of class action certification under the Federal Rules of Civil Procedure. In so reasoning, the Supreme Court noted that the EEOC did not have the exclusive right of protecting private interests. The Supreme Court found that the EEOC has a right to sue independent of any private plaintiff's rights; the EEOC's suit was intended to supplement, not replace, the private action. In this respect, the EEOC acts to vindicate the public interest in preventing employment discrimination and its interests are broader than those of the individuals injured by discrimination. See also Equal Employment Opportunity Commission v. Harris Chernin, Inc., 10 F.3d 1286 (7th Cir.1993). The General Telephone court found that the EEOC's enforcement authority was not merely a proxy for the victims of discrimination and that EEOC judgments would not have automatic res judicata effect.
Although General Telephone Company of the Northwest, Inc. v. Equal Employment Opportunity Commission, supra, states that the EEOC is not in privity with individual claimants, that case dealt with a claim of employment discrimination under Title VII and not under the ADEA. Title VII includes slightly different provisions for enforcement than are contained in the ADEA.
The Victa decision also looked for guidance to the matter of Equal Employment Opportunity Commission v. United States Steel Corporation, 921 F.2d 489 (3d Cir. 1990). The United States Steel case noted the differences in the enforcement mechanisms between Title VII and the ADEA. The Third Circuit found that there was privity with individuals when the EEOC seeks individual relief on behalf of grievants under the ADEA, but there may not be when the EEOC seeks to enjoin discrimination affecting an entire class. The court reasoned that "privity" is a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.
One relationship long held to fall within the concept of privity is that between a *986 nonparty and a party who acts as the nonparty's representative. The Third Circuit went on the say that litigation involving a representative may have claim preclusive effects in two ways. If the representative party litigates first, subsequent litigation involving persons on whose behalf the representative appeared may be precluded. Conversely, if a person litigates in his own behalf, that person may be precluded from claiming any benefits of a judgment in a subsequent action that is brought or defended by a party representing him. Under the facts in United States Steel, the court found that the EEOC's responsibilities included the representation of the grievants when it sought individual relief on their behalf. However, the EEOC's role differs when it attempts to protect a broader interest by seeking to enjoin discrimination affecting an entire class. Equal Employment Opportunity Commission v. United States Steel Corporation, supra.
The Third Circuit found that the EEOC was the individual's representative in the ADEA action in that case and that the decision served as a res judicata bar to the other actions. Equal Employment Opportunity Commission v. United States Steel Corporation, supra.
In Victa v. Merle Norman Cosmetics, Inc., supra, the California court distinguished the opinion in Equal Employment Opportunity Commission v. United States Steel Corporation, supra. The Victa court reasoned that the Third Circuit failed to note that 29 U.S.C. § 626(c)(1) does not cut off the private action rights of claimants who have brought state law actions or ADEA suits before the EEOC sues. The Victa court found that, while there may be privity with the EEOC when a claimant has not previously brought a separate state law action, such does not exist if the claimant files a state court claim before the EEOC files suit under federal law, but the matter has not yet been adjudicated.
The Victa court further pointed out that the plaintiff had no litigative participation or control in the EEOC action and noted the EEOC was, in effect, representing the general public interest rather than the plaintiffs. Under the specific facts of that case, the court in Victa concluded that the element of privity was lacking and therefore, the EEOC judgment could not stand as a res judicata bar to the present action under state law.[3]
While recognizing that the ruling in Victa holds no precedential value in this state, we have determined the reasoning in that case to be persuasive. There was no privity between the EEOC and the plaintiffs in the present case. In this matter, after the Supreme Court decision in Kimel, the plaintiffs did not have the right to individually maintain an ADEA claim against a state agency. After Kimel, only the EEOC could prosecute the ADEA claim against the defendants in this case. Because the plaintiffs' individual ADEA claim had to be dismissed on those grounds, the federal court no longer had jurisdiction over the state claim which had been asserted by the plaintiffs. The matter was remanded to the state court.
However, the Kimel decision specifically recognized the right of employees to sue under state statutory schemes. While the EEOC was the proper party to assert the *987 ADEA claim, that agency did not prosecute any claim under state law. Further, as in Victa, there is no showing that the EEOC had standing to prosecute such a claim under Louisiana law.
Also, we note that the EEOC apparently expanded the class of victims in the suit to include others similarly situated with the plaintiffs. The EEOC action was not prosecuted solely regarding the plaintiffs, and the commission was, in effect, representing the general public interest rather than those of the plaintiffs. Therefore, even under the reasoning of Equal Employment Opportunity Commission v. United States Steel Corporation, supra, it appears that the EEOC was not in privity with the plaintiffs because it sought to enjoin discrimination against a class of victims, not just the plaintiffs.
Further, the plaintiffs argue that they had no control over the conduct of the suit by the EEOC. They had no control over bringing or maintaining the ADEA action or in dismissing the appeal of the judgment against the EEOC.
Simply stated, the plaintiffs have a right to bring a suit under Louisiana's age discrimination statutes. The plaintiffs have not been afforded a full and fair opportunity to litigate their claims under state law and those claims have not been adjudicated on the merits. At the time the suit was brought, the plaintiff sought to assert their state claims as well as federal claims. The state claims were remanded by the federal court on grounds of lack of jurisdiction. Under Reeder v. Succession of Palmer, supra, the plaintiffs did not fail to assert pendent state law claims.
All four elements of the res judicata test must be satisfied. Because there was no privity between the plaintiffs and the EEOC, we find that the parties in the two actions were not the same.

Other Issues Appealed
The plaintiffs also argued that the present case and the EEOC matter did not present the same cause of action, therefore failing to satisfy another factor of the federal res judicata test. We note that the question of whether the state and federal law on age discrimination is the same is not a settled matter. While federal law allows for the recovery of liquidated damages, state law does not. See Deloach v. Delchamps, Inc., 897 F.2d 815 (5th Cir. 1990). Other differences have also been noted in Aultman v. Entergy Corporation, 1998-2244 (La.App. 1st Cir.11/5/99), 747 So.2d 1151. However, because the federal requirements for res judicata have not been met in this case due to a lack of privity between the plaintiffs and the EEOC, we do not reach consideration of whether the same cause of action is asserted.
The plaintiffs also argue that the EEOC failed to adequately represent their claims, that the state law claims were preserved by the federal court remand, and that this matter presents exceptional circumstances precluding application of res judicata. Because we find that the trial court erred in granting res judicata in this matter, and vacate the trial court judgment, we do not reach consideration of these issues.

FRIVOLOUS APPEAL
In their answer, the defendants contend that they are entitled to sanctions because the plaintiffs' appeal is frivolous. They claim that the res judicata bar is clear and they seek damages under La. C.C.P. art. 2164. Because we find that the trial court erred in granting the exception of res judicata in favor of the defendants, the appeal is not frivolous and the defendants' claim in this regard is denied.

*988 CONCLUSION
For the reasons stated above, we reverse the trial court judgment granting an exception of res judicata in favor of the defendants, Northeast Louisiana University and the Board of Trustees of the University of Louisiana System, and against the plaintiffs, Dr. Dwight Vines and Dr. Van McGraw. The plaintiffs' state court action is reinstated and the matter is remanded for further proceedings. Costs in this court are assessed against the defendants in accordance with law.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, CARAWAY, and DREW, JJ.
Rehearing denied.
NOTES
[1] The plaintiffs claim violation of La. R.S. 23:971 and 51:2232 et seq. These provisions were later combined into the Louisiana Employment Discrimination Law contained in La. R.S. 23:301 et seq. According to the plaintiffs, the amendment and recodification of the statutes have no bearing upon the question of res judicata.
[2] No claim as to prescription is before us on appeal.
[3] We note that in Equal Employment Opportunity Commission v. Harris Chernin, Inc., supra, the Seventh Circuit found only limited privity between an individual allegedly damaged by discrimination and the EEOC. The Seventh Circuit found that, while a dismissal of the employee's individual claim prevented further action by the EEOC for damages for that employee, the commission was not barred from seeking an injunction against the employer for further discrimination.