ON REHEARING
Before STEWART, GASKINS, CARAWAY, PEATROSS and DREW, JJ.
|, GASKINS, J.
Onterio McWright, along with other plaintiffs, filed suit for the wrongful death and a survival action arising from the death of Andrew Stroughter. The defendants contested McWright’s status as a proper plaintiff by filing an exception for no right of action, which the trial judge ultimately granted. At issue in this appeal is whether the court erred in ordering a DNA test to determine paternity, which was the basis of the granting of the exception.
FACTS
McWright’s mother, Gladystene Harris, filed several proceedings for child support. In these proceedings, Stroughter had stipulated that he was the father of McWright.
*99 In Madison Parish, Louisiana, in 1982, and again in 1984, Stroughter signed a stipulation before two witnesses and a notary that contained this language:
I agree to pay to the Department of Health and Human Resources the amount of ... for the support of the child born to me and Gladystene Harris named herein as follows: Onterio J. McWright 6-8-70.
In King County, Washington, in 1983, Stroughter signed another stipulation before a court commissioner that contained the language:
Defendant is the lawful parent of Onter-io J. McWright, who was born on June 8,1970.
Although these stipulations were a part of, or attached to, orders or judgments imposing child support, none of the orders or judgments made a finding of parentage.
1 ¡.Stroughter never contested this obligation to pay and did, in fact, pay the support until McWright was a major. Now McWright has filed suit for the wrongful death and survival action of his putative father, Stroughter. The defendants contest his right to be a plaintiff in the suit.
In our original opinion, we concluded that Stroughter himself could not have attacked these judgments of support after one year from the time he discovered the fraud or ill practice. La. C.C.P. art.2004. Likewise, we found that the defendants were preempted from contesting the validity of the judgments. We went on to find that the trial judge erred when he ordered a DNA test to determine paternity, and, even though the test showed that Stroughter was not McWright’s father, we concluded that the DNA result should not be considered.
We agree with our original opinion that neither Stroughter, nor third parties, could have successfully attacked the judgment of support after the one year period set forth in La. C.C.P. art.2004. Certainly, it must be surmised that, if Stroughter believed he was not the father and did not contest the acknowledgment or judgment, he must have acquiesced in the judgment. The issue before us now is whether this exception is an attack on the acknowledgment forming the basis of the judgment or an attack on the support judgment itself.
LAW
The following statutes give us guidance.
La. C.C. art. 200:
A father or mother shall have the power to legitimate his or her illegitimate children by an act passed before a notary and two 13witnesses, declaring that it is the intention of the parent making the declaration to legitimate such child or children.
La. C.C. art. 203:
A. The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.
B. (1) An acknowledgment or declaration by notarial act is deemed to be a legal finding of paternity and is sufficient to establish an obligation to support an illegitimate child without the necessity of obtaining a judgment of paternity.
(2) An acknowledgment by registry creates a presumption of paternity which may be rebutted if the alleged father proves by a preponderance of the evidence facts which reasonably indicate that he is not the father, provided such facts are susceptible of independent ver *100 ification or of corroboration by physical data or evidence.
La. C.C. art. 206:
A. A person who executed a notarial act of acknowledgment or declaration may, without cause, rescind it before the earlier of:
(1) Sixty days of the signing of the notarial act of acknowledgment or declaration, in a judicial hearing for the limited purpose of rescinding the acknowledgment or declaration.
(2) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the notarial act of acknowledgment or declaration is a party to the proceeding.
B. At any time, a person who executed a notarial act of acknowledgment or declaration may petition the court to void such acknowledgment or declaration only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, or material mistake of fact, or that the person is not the biological parent of the child. Except for good cause shown, the court shall not suspend any legal responsibilities or obligations, including a support obligation, of the person during the pendency of this proceeding.
La. C.C. art. 207:
Every claim, set up by illegitimate children, niay be contested by those who have any interest therein.
| ¿La. R.S. 9:392, in pertinent part:
A. Prior to the execution of a declaration of acknowledgment pursuant to Civil Code Article 203, the notary shall provide in writing, and orally or by directing them to video or audio presentations, the party or parties making the declaration of the following:
[[Image here]]
(7) (a) A party who executed a notarial act of acknowledgment may rescind the act, without cause, before the earlier of the following:
(i) Sixty days after the signing of the act, in a judicial hearing for the limited purpose of rescinding the acknowledgment.
(ii) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the notarial act of acknowledgment is a party to the proceeding.
(b) Thereafter, the acknowledgment of paternity may be voided only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, or material mistake of fact, or that the father is not the biological father.
(8) All parties to the action have any other rights and responsibilities which may be afforded by law now or in the future.
La. R.S. 9:396, in pertinent part:
A. (1) Notwithstanding any other provision of law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaveu, the court may, on its own initiative, or shall, under either of the following circumstances, order the mother, child, and alleged father to submit to the collection of blood or tissue samples, or both, and direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures:
(a) Upon request made by or on behalf of any person whose blood or tissue is involved, provided that such request is supported by a sworn affidavit alleging specific facts which either tend to prove or deny paternity.
(b) Upon motion of any party to the action made at the time so as not to delay the proceedings unduly.
*101 1 .DISCUSSION
While the acknowledgments of paternity in our case were attached to the judgments of support, it is important to note that none of the judgments made any finding of paternity. In fact, the judgments of support did not have to make a finding of paternity since La. C.C. art. 203(B)(1) states that the acknowledgment is a legal finding of paternity and is sufficient to establish an obligation to support an illegitimate child without the necessity of obtaining a judgment of paternity. Even though an acknowledgment is deemed to be a legal finding of paternity, the law allows these acknowledgments to be easily contested.
The acknowledgment of paternity can be contested at any time by the person who executed the acknowledgment. La. C.C. art. 206(B). In Jones v. Rodrigue, 2000-0899 and 2000-0900 (La.App. 1st Cir.11/3/00), 771 So.2d 275, Hamilton sought to annul an acknowledgment he had signed at the hospital. The court noted that although one year had passed since Hamilton found out he was not the biological father, Hamilton was not contesting a judgment, but a notarial act of acknowledgment. The court relied on La. C.C. art. 206 to find that, at any time, a person who executed a notarial act of acknowledgment could petition to annul it. See also Roberts v. Franklin, 96-290 (La.App. 3d Cir.10/9/96), 688 So.2d 1181.
The acknowledger is not the only person who can contest the act. La. C.C. art. 207 provides that every claim, set up by illegitimate children, may be contested by those who have an interest therein. In Succession of Robinson, 94-2229 (La.5/22/95), 654 So.2d 682, discussed in depth in the original opinion, the Supreme Court found that Robinson, as administrator | r,of the succession and a forced heir, had an interest in defeating the intervenors’ claim to participate in the succession.
In addition, when executing the acknowledgment, the notary has the duty under La. R.S. 9:392(A)(7) to advise the acknowledger how the act can bé voided. Clearly, the law has a public policy in favor of allowing the putative father to contest the acknowledgment when the father is not the biological father.
Likewise, the judgment of support is not so sacrosanct that it only can be contested by appeal. As we detailed in our earlier opinion, Stroughter could have contested the judgment itself within one year of finding out that he was not the biological father. Husbands and legal fathers, which Stroughter was not, have up to 10 years to contest a support judgment under La. R.S. 9:305. In Rousseve v. Jones, 97-1149 (La.12/2/97), 704 So.2d 229, Rousseve, like Stroughter, had executed an acknowledgment in connection with a child support proceeding. The court found that while La. C.C. art. 203(B)(1) dispensed with the necessity of obtaining a judgment of paternity, it did create a presumption of paternity. The court concluded, however, that Rousseve could challenge the acknowledgment, holding that when the acknowledged act is ultimately untrue, the acknowledgment may be null, absent some overriding concern of public policy. Rousseve had contested the judgment timely and the case was remanded for further proceedings.
Our inquiry is whether those who have an interest can contest the acknowledgment of paternity in a support judgment once the time limitation has run within which the judgment of support could be contested. In a |7situation such as the instant case, our answer is in the affirmative. Once Stroughter died, new causes of action arose in favor of his children under La. C.C. arts. 2315.1 and 2315.2, the sur *102 vival action and wrongful death articles. These claims by McWright, the illegitimate, can be contested by the defendants, who have an interest in them. Although McWright was acknowledged, this avowal is null absent a biological relationship. The Louisiana Supreme Court reiterated in Succession of Robinson, supra, the policy that if an acknowledgment is null, it produces no effect. That Succession of Robinson was based on an acknowledgment in a statutory will while Stroughter’s acknowledgment formed the basis of a support judgment is of no moment.- In Rousseve, supra, where the putative father was contesting the support judgment, the Supreme Court reasoned that an action to contest paternity, which is presumed because of an authentic act of acknowledgment, is not truly an action for disavowal, but is an action to annul the acknowledgment.
Using this reasoning of Rousseve, supra, the defendants are not contesting the support judgment but are attacking the validity of the acknowledgment. On first consideration, it would appear that a prior judgment of support, based on an acknowledgment of paternity, would be subject to res judicata or collateral estoppel exceptions. These exceptions would have no merit, however, in that the causes of action and the parties are different in the support proceeding and in the instant claim. See Vines v. Northeast Louisiana University, 36,747 (La.App.2d Cir.3/5/03), 839 So.2d 979, writ denied, 2003-1262 (La.9/19/03), 853 So.2d 638.
|sLa. C.C. art. 207 allows every claim set up by illegitimate children to be contested by those who have an interest therein. On its face, this article gives those who have an interest the right to contest any sort of claim made by illegitimate children with no specific time limitation on the right to assert their opposition. Consequently, the defendants have a right to contest this wrongful death/survival action brought by McWright.
La. R.S. 9:396 gives the court the right to order DNA blood testing in any civil action in which paternity is a relevant fact. Under this statute, the court is required to order testing when timely requested by any party. In the present wrongful death and survival action, a civil action, McWright’s paternity is a relevant fact, bearing on his right to recover. Therefore, the trial court appropriately ordered DNA testing in this matter.
It is well-settled that before DNA blood tests can be ordered, a prima facie case that Stroughter was not the biological father must be made. This was done by testimony adduced at the trial court. Thus, the DNA testing was appropriately ordered, and the results legally admitted. We reverse our original opinion and affirm the trial court’s ruling.
CONCLUSION
The trial court judgment granting the defendants’ exception of no right of action is affirmed. Costs in this court are assessed against McWright.
TRIAL COURT JUDGMENT AFFIRMED.
PEATROSS, J., concurs.
STEWART, J., dissents for the reasons articulated in the original opinion.
DREW, J., dissents for the reasons articulated in the original opinion.